## Richmond

DONALD ALEXANDER HUVAR v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record Nos. 7779 and 7780.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*John H. Obrion, Jr.* (*Browder, Russell, Little & Morris,* on brief), for plaintiff in error in Record Nos. 7779 and 7780.

*Gilbert W. Haith, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7779 and 7780.

Per Curiam.

Donald Alexander Huvar is here on a writ of error challenging the sufficiency of the evidence to sustain the judgments of the court below convicting him of unlawfully having in his possession or under his control certain Schedule IV controlled drugs as defined in Code § 54-524.83 (1971 Cum. Supp.), and of unlawfully having marijuana in his possession and under his control.

Huvar and a companion decided during the late evening of July 9, 1970 to visit the apartment of Kay Elliott Bendall and Karen Butterwitz at 1100 Floyd Avenue in Richmond. Defendant testified that he had been in the apartment about 15 minutes when the police entered.

The police officers, acting under a search warrant, found a large quantity of tablets, capsules, pills and substances in various places

throughout the three-room apartment. Of 19 items seized, 7 responded to laboratory tests for marijuana or Schedule IV drugs. Most of the items were apparently in plain view.

The police found 11 persons in the apartment. Huvar and two others were in the bathroom. Defendant was not smoking, had nothing in his hands, and no drugs were found on his person or in the bathroom.

The detectives making the search testified that Huvar's eyes appeared dilated, he was talkative, and he was "sloppily dressed". They also said that they smelled marijuana upon entering the apartment although no one was seen smoking.

The only evidence which connects defendant with the drugs involved here is his presence in the apartment when they were found, and the fact that he had the appearance of one who may have been using drugs. There is no evidence that defendant owned, possessed or exercised any control over these specific drugs.

It is the theory of the Commonwealth that the police interrupted a "pot party". One could reasonably reach this conclusion from the evidence. However, the mere presence of defendant at the party is not sufficient to convict him of actual or constructive possession of the drugs that were found there. It was not his apartment. Those present were not shown to have been his guests or there at his invitation. None of the prescription containers in which some of the drugs were found bore his name on their labels. He made no statement, committed no act and indulged in no conduct from which the inference could be fairly drawn that he possessed or controlled the drugs which the police found.

In *Ritter* v. *Commonwealth*, 210 Va. 732, 741, 173 S. E. 2d 799, 805-06 (1970), we said:

"In order to convict a defendant of 'possession' of a narcotic drug, within the meaning of Virginia's Uniform Narcotic Drug Act, it generally is necessary to show that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. Physical possession giving the defendant 'immediate and exclusive control' is sufficient. However, the possession need not always be exclusive. The defendant may share it with one or more. The duration of the possession is immaterial and need not always be actual possession. The defendant may be shown to have had constructive possession by establishing that the drugs involved were subject to his dominion

or control." *See also Crisman* v. *Commonwealth,* 197 Va. 17, 87 S. E. 2d 796 (1955).

The requirements for a conviction of possession of a narcotic drug under the Drug Control Act of Virginia, which became effective on June 26, 1970, are not unlike the requirements under Virginia's Uniform Narcotic Drug Act which was replaced. The evidence in the instant case is insufficient to sustain the convictions of defendant, and accordingly the judgments appealed are reversed and the

*Warrants dismissed.*