### STATE of Maine

### v.

### John LeCLAIR.

Supreme Judicial Court of Maine.

May 10, 1973.

Donald H. Marden, Asst. County Atty., Augusta, for plaintiff.

William P. Niehoff, Waterville, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

## 386

POMEROY, Justice.

Rule 37A(b), Maine Rules of Criminal Procedure, is the vehicle by which this "case" is before us for decision.

The ruling we are asked to review is clearly interlocutory and constitutes an exception to the "final judgment rule." Rule 37, Maine Rules of Criminal Procedure.

The reason for requiring a final judgment as a condition of appellate review was described by Mr. Justice Frankfurter in Di-Bella v. United States, 369 U.S. 121, 82 S. Ct. 654, 7 L.Ed.2d 614 (1962).

"This insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases." 369 U.S. at 124, 82 S.Ct. at 656.

Our Court in adopting Rule 37A(b) determined that in certain cases there are issues of law so important that in the opinion of the trial judge the interlocutory order or ruling "ought to be determined by the Law Court before any further proceedings are taken."

■■ It should be noted that the Superior Court Justice should not automatically grant the right to appeal from an interlocutory ruling or order. The Rules require that he certify that in his opinion the question of law ought to be determined by the Law Court. In forming his opinion the presiding Justice must be guided by the fundamental purpose of the rules of procedure to secure simplicity of procedure, fairness of administration and elimination of unjustified expense and delay.

In this case the sole issue is whether or not the police had probable cause for arresting the defendant and conducting a search of his person for contraband. As in most such cases resolution of the issue depends upon the particular factual framework within which the arrest and search took place.

The term "probable cause" has been thoroughly described in two widely quoted cases decided by the United States Supreme Court.

In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the Court said that probable cause exists when:

"the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that [seizable property would be found in a particular place or on a particular person.]" 267 U.S. at 162, 45 S.Ct. at 288.

In Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), the Supreme Court said probable cause for arrest exists where:

" 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." 358 U.S. at 313, 79 S.Ct. at 333.

This Court recently had occasion to describe when reasonable grounds exist for issuance of a search warrant. State v. Appleton, Me., 297 A.2d 363 (1972). See also, State v. Heald and Mottram, Me., 307 A.2d 188 (1973).

In those cases we again pointed out that the existence of probable cause depends on the facts and circumstances of each case.

The presiding Justice denied the defendant's motion to suppress evidence.

We find the Justice reached the only conclusion possible on the facts.

The record discloses that detectives of the Maine State Police Department in cooperation with officers of the Waterville Police Department, acting on information

they had received from an informer that there was to be a "drug" party held at the apartment of Peggy Caron in Waterville that evening, obtained a search warrant to search her premises.[1] When the police arrived to execute the search warrant they found hypodermic needles, syringes, capsules, powdery substances and spoons readily apparent and in plain view in the apartment.

Two men were lying on a bed. Both appeared to have fresh needle marks on their arms. A young girl was hovering over them. In her hand was a hypodermic syringe with needle. The two men appeared to the officers to be either asleep or under the influence of something.

When the officers entered the premises the young lady who was on the bed with the two men attempted to hide the syringe and two orange-red capsules which were in her hand. Shortly thereafter someone appeared at the door from the outside and knocked on it. The door was opened and the movant, John LeClair, entered. His eyes were glassy, his facial expressions were unnatural and in the judgment of the experienced police officers he was under the influence of drugs, intoxicating liquor being ruled out since there was no odor of liquor on his breath.

The police also noticed that his pockets were bulging. They thereupon gave the so-called "Miranda" warning and searched his person. A substantial quantity of contraband drugs was found in his pockets. He was then arrested.

An officer testified that he knew Mr. LeClair from previous drug investigations; had known from the informant and from his personal observation that he was a drug user and that he frequented Miss Caron's apartment where the informer reported drug parties were held.

■ The criminal activities in the room, continuing even as the officers entered the room, coupled with the information received from the informant that LeClair was a known drug user and frequenter of Miss Caron's drug parties and his physical condition, i.e., obviously under the influence of drugs, most certainly gave rise to probable cause for both the search and the arrest.

The officer testified that in point of time he searched LeClair's pockets before he informed him he was under arrest, although the two acts were done in a single transaction. It is not important whether the arrest preceded the search or the search preceded the arrest because they were contemporaneous. Holt v. Simpson, 340 F.2d 853 (7th Cir.1965); State v. Doyle, 42 N.J. 334, 200 A.2d 606 (1964); State v. McDaniel, 115 Or. 187, 231 P. 965, 237 P. 373 (1925).

The entry must be,

Appeal denied.

All Justices concurring.

---

1. The validity of the warrant is not here in issue.