## Richmond

JULIAN VICTOR ITALIANO v. COMMONWEALTH OF VIRGINIA.

November 26, 1973.

Record No. 8266.

Present, All the Justices.

*Stuart A. Saunders(Oldric J. LaBell, Jr.; Ford, Avis, Avis, Scott & Saunders,* on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

On the night of July 13, 1972, several police officers from the City of Hampton and State troopers went to search a certain apartment in Hampton, knocked on the door, identified themselves, and stated that they had a search warrant for possession of controlled drugs. Suddenly, people in the apartment began to scurry about. In order to gain admission the police had to kick open the door.

When the officers entered the apartment, controlled drugs were seen in open view on a table in the living room. One of the Hampton officers and a State trooper passed through the living room into the bathroom where they found the defendant. The trooper brought the defendant into the living room and searched him. A cigarette package containing nine aluminum packets of a brownish powder later identified as MDA, a controlled drug, was found in defendant's pocket. The defendant was then placed under arrest.

Defendant was convicted by the trial court, sitting without a jury, for possession of controlled drugs, sentenced to twelve months in jail, and ordered to pay a $1,000 fine.

Defendant contends that the evidence obtained by the search of his person was inadmissible because (1) "The warrant authorizing the search of the premises did not authorize the search of defendant's person," (2) "The search of the defendant's person was not authorized as being incident to a lawful arrest", and (3) "The search of the defendant's person was not valid as a stop and frisk or pat-down search." We hold that the search was valid as incident to a lawful arrest; therefore, we do not consider defendant's other arguments.

■ Defendant argues that the search of his person was not justified as incident to arrest and was, therefore, unlawful because (1) there was no probable cause for arrest until drugs were found on his person, and (2) the search preceded the arrest.

"Probable cause exists where the facts and circumstances known to the officer warrant a man of reasonable caution in believing the suspect has committed an offense." *Howard* v. *Commonwealth*, 210 Va. 674, 678, 173 S.E.2d 829, 833 (1970).

When the officers knocked on the door and announced they had a search warrant, they heard the occupants scurrying around in the apartment. No one inside answered the knock; the door had to be kicked open to gain entry. On a living room table in open view were controlled drugs, the possession of which constituted an offense committed in the presence of the officers. No one stepped forward to claim the drugs.

*In these circumstances,* officers are not required to choose among several suspects similarly situated, when any or all of the occupants may have committed the offense or aided and abetted in its commission. "Possession" of a drug does not have to be exclusive, but may

be joint. *See Ritter* v. *Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970); *People* v. *Francis*, 71 Cal.2d 66, 71, 450 P.2d 591, 594 (1969); *People* v. *Vigil*, 175 Colo. 421, 427, 489 P.2d 593, 596 (1971).

Defendant, relying on *Huvar* v. *Commonwealth*, 212 Va. 667, 187 S.E.2d 177 (1972), contends that the mere presence of defendant in an apartment where drugs are found is insufficient to constitute constructive possession. His reliance is misplaced. In *Huvar* we said that "the mere presence of defendant at the party is not sufficient to *convict* him of actual or constructive possession of the drugs that were found there." *Huvar* v. *Commonwealth*, *supra* 212 Va. at 668, 187 S.E.2d at 178. (emphasis supplied). We do not detract from *Huvar* by recognizing that less evidence is required to constitute probable cause to arrest than is required to convict.

> "[T]he arresting officer need not have in hand evidence which would suffice to convict. The quantum of information which constitutes probable cause . . . must be measured by the facts of the particular case." *Wong Sun* v. *United States*, 371 U.S. 471, 479, 83 S. Ct. 407, 413, 9 L. Ed.2d 441, 450 (1963).

The "quantum of information" in the circumstances of this case constituted probable cause to arrest defendant for the possession of controlled drugs *prior* to the search which uncovered drugs on his person.

But defendant says that "[s]uch a search of the person can only be lawful if the arrest precedes the search . . ." We disagree. A general rule recognized by both federal and state courts is that when probable cause exists to arrest a person, a constitutionally permissible search of the person incident to arrest may be conducted by an officer *either before or after* the arrest if the search is contemporaneous with the arrest. *E.g., United States* v. *Skinner*, 412 F.2d 98, 103 (8th Cir.) *cert. denied*, 396 U.S. 967 (1969); *Tinney* v. *Wilson*, 408 F.2d 912, 917 n.3 (9th Cir. 1969); *Holt* v. *Simpson*, 340 F.2d 853, 856 (7th Cir. 1965); *People* v. *Simon*, 45 Cal.2d 645, 648, 290 P.2d 531, 533 (1955); *Jones* v. *People*, 167 Colo. 153, 155, 445 P.2d 889, 890 (1968); *State* v. *LeClair*, 304 A.2d 385, 387 (Me. 1973).

We also have recognized that the sequential order of the arrest and search incident to arrest is not constitutionally critical. In *Howard* v. *Commonwealth*, *supra* 210 Va. at 678, 173 S.E.2d at 833, we said:

"When the evidence shows that probable cause exists for arresting a suspect for a felony, and it is clear that evidence seized in a contemporaneous search of the suspect's person was not necessary to establish probable cause, the search is incidental to the arrest and is valid whether it takes place at the moment the arresting officer takes the suspect into custody or when he announces that the suspect is under arrest. *Husty* v. *United States*, 282 U.S. 694, 700, 51 S. Ct. 240, 241, 75 L. Ed. 629 (1931)."

The best statement of this principle as applicable to the facts of this case was made in *Holt* v. *Simpson*, 340 F.2d 853, 856 (7th Cir. 1965):

"When the probable cause for an arrest exists independently of what the search produces, the fact that the search precedes the formal arrest is immaterial when the search and arrest are nearly simultaneous and constitute for all practical purposes but one transaction. To hold differently would be to allow a technical formality of time to control when there has been no real interference with the substantive rights of a defendant."

On the facts of this case, we are of opinion the officers had probable cause to arrest the defendant for possession of the drugs found in open view in the living room. Therefore, the contemporaneous search of defendant was valid without regard to the drugs found on his person. Since the search was a valid search incident to arrest, the drugs discovered in his pocket were admissible and the judgment is

*Affirmed.*

I'ANSON, J., concurs in the result.