## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Doris Mae Davis

December 5, 1990

Case No. (Criminal) 67015

### By JUDGE ROSEMARIE ANNUNZIATA

The matter before me is defendant's Motion to Suppress evidence found in the course of a police search of her vehicle. The Commonwealth contends the search was incident to the lawful arrest of the defendant. The defendant contends the search preceded the arrest of the defendant, that it was conducted without probable cause and that, even treating the search as incident to the lawful arrest of defendant, it extended beyond the defendant's person and the areas within her immediate control, and was thus invalid. *See Chimel v. California*, 395 U.S. 752 (1969).

The defendant's motion is denied on the following grounds.

I find, first the search was incident to defendant's lawful arrest. Probable cause for defendant's arrest was supplied by the information regarding the scheme being used to unlawfully obtain property by means of a fraudulent use of a credit card related to the police by the manager of Lowe's Hardware, defendant's presence at the scene from which the property at issue was to be picked up, her furtive conduct at the scene, the statements of the co-defendant which incriminated her in the crime, and the inconsistent and implausible explanations she gave for her conduct at the scene just prior to her arrest.

The evidence establishes that defendant's purse, which was searched subsequent to her arrest, was located

in the vehicle on the passenger seat at the time of the search. At the time of the search, the defendant was standing, detained by a police officer, outside her vehicle, about ten feet from the vehicle, and a second police officer, sitting in the driver's seat of the vehicle, further obstructed defendant's reach to her purse. The fact that defendant was removed from the vehicle and not, at the time of the search, in actual possession of her purse, does not convert the search into one remote in time or place from the lawful arrest, or beyond the scope made lawful under *Chimel v. California, supra. New York v. Belton*, 453 U.S. 454, 461-2 (1981). *Albert v. Commonwealth*, 2 Va. App. 734, 739 (1986); *United States v. Silva*, 745 F.2d 840, 847 (4th Cir. 1984), *cert. denied*, 105 S. Ct. 1404 (1985). Accordingly, I find the search was valid under the facts of this case.

Even accepting *arguendo* that defendant's arrest was subsequent to the search, the search is still valid. *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980). *Landsdown v. Commonwealth*, 226 Va. 204, 214 (1983); *Italiano v. Commonwealth*, 214 Va. 334 (1973), citing, *inter alia, Holt v. Simpson*, 340 F.2d 853, 856 (7th Cir. 1965) ("When the probable cause for an arrest exists independently of what the search produces, the fact that the search precedes the formal arrest is immaterial when the search and arrest are nearly simultaneous and constitute for all practical purposes but one transaction.")

In light of the above, the issue of whether the search constitutes a valid inventory search consistent with the U. S. Supreme Court's decision in *Florida v. Wells*, 110 S. Ct. 1632 (1990), need not be addressed.

Defendant's Motion to Suppress the evidence is therefore denied.