# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Erica Felicia Frazier

October 9, 1995

Case No. (Criminal) 9443

BY JUDGE THOMAS D. HORNE

This case is before the Court on the Defendant's Motion to Suppress. The defendant moves for the suppression of evidence obtained as a result of the seizure and subsequent search of her luggage at the Dulles International Airport on October 11, 1994.

At approximately 12:30 a.m. Eastern Time, Drug Enforcement Agency (DEA) Officer Gregory Beatley of the Washington-Dulles Airport DEA Task Force received a call from Officer John Marcello of the Los Angeles DEA Airport Group. Officer Marcello informed Officer Beatley that three black female passengers were aboard a flight to Washington-Dulles International Airport. These women were described as fitting "drug courier profiles," having paid for their full fare tickets with cash at a time shortly before the departure of the flight from Los Angeles, a known source city of marijuana supply. The names and baggage numbers of these individuals were given to Officer Beatley. One of the females was reported to be named Lea Morris. The person identified as Lea Morris is Erica Felicia Frazier, the defendant.

Upon arrival of the flight at Washington-Dulles, Officer Beatley and other officers obtained permission from airport authorities to examine the luggage of Lea Morris. Prior to being placed on a conveyor belt which would take the bags to the baggage pickup area, two matching suitcases were identified and briefly examined by the officers. These two matching suitcases were made of a brown, tweed material, each bearing the name Morris. Officer Beatley noticed that one of the bags had a small tear in it. Officer Beatley squeezed the bag, forcing air out of it, and placed his nose

near a tear in the bag. By so doing, he was able to detect the odor of marijuana and fabric softener coming out of the luggage. He testified that from his training and experience, he was familiar with the odor of marijuana and that fabric softener is used to mask the smell of marijuana.

Officer Beatley placed the bags on the conveyor belt, and after they had been transported into the public area of the airport, observed the defendant point the bags out to a skycap who placed the bags on a luggage cart. Officer Beatley approached the defendant, displayed his credentials, and identified himself. He asked the defendant if he could speak with her briefly. When he asked the defendant if the baggage was hers, the defendant replied that the bags did not belong to her but that she was carrying them for someone else. Officer Beatley then asked to see the defendant's airplane ticket. The name on the ticket, Lea Morris, matched the names on the luggage. Officer Beatley asked her for identification, but she said that she had lost it.

Officer Beatley then asked permission to search the luggage. The defendant refused to grant consent to the search, saying that she could not open them without the owner's permission. Officer Beatley then attempted to search the luggage. The zipper was secured by a small lock. Officer Beatley broke off the lock, opened the bag, and subsequently found packages of marijuana. The defendant was arrested. After being advised of her *Miranda* rights, the defendant was questioned by Sergeant L. F. Oliff. The defendant made admissions in response to his questions.

The defendant has been charged with unlawful transport of five or more pounds of marijuana into the Commonwealth with the intent to sell or distribute under § 18.2-248.01 of the Code of Virginia. The defendant has also been charged with unlawful possession with the intent to distribute over five pounds of marijuana under § 18.2-248.1 of the Code of Virginia.

The defendant claims that the initial detention of the luggage by Officer Beatley, performed without a search warrant, wherein he smelled the luggage and its contents, was illegal. The defendant also challenges the legality of Officer Beatley's warrantless seizure and subsequent search of the luggage, performed after the officer had approached the defendant. The defendant seeks to have evidence obtained as a result of these searches excluded pursuant to the exclusionary rule.

For the reasons stated hereinafter, the Court finds that the initial detention and investigation of the luggage was reasonable and not in violation of the Fourth Amendment to the United States Constitution. The Court also finds that the later seizure of the luggage was made contemporane-

ously with a lawful arrest based upon probable cause. Accordingly, the motion to suppress will be denied.

The Fourth Amendment to the U. S. Constitution states that "the right of the people to be secure in their houses, persons, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized."

The Constitutional prohibition against unreasonable seizures implicates meaningful interference with possessory interests in property while that forbidding unreasonable searches involves the infringement of an expectation of privacy which society considers reasonable. *United States v. Jacobsen*, 466 U.S. 109, 114 (1984); *Soldal v. Cook County*, 113 S. Ct. 538 (1992).

Officer Beatley did not perform this search pursuant to a search warrant. Accordingly, the instant case must be governed by the principle that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347 (1967). "When a person with standing (i.e., a legitimate expectation of privacy) objects to a warrantless search of his person or property, the burden is on the prosecution to show a need for such a warrantless search." *Helms v. Commonwealth*, 10 Va. App. 368, 371 (1990) (citing *United States v. Jeffers*, 342 U.S. 48, 51 (1951)). More particularly, where a warrantless search has been performed by a government actor, "the burden is on the Commonwealth to establish an exception to the warrant requirement." *Walls v. Commonwealth*, 2 Va. App. 639, 347 (1986).

In the instant case, Officer Beatley initially examined the bags in a luggage area from which air travelers are excluded. He did so by picking it up, squeezing it, and placing his nose close enough to a hole in the bag to smell an odor of marijuana and fabric softener coming from inside. He did this based on the report from Los Angeles of people fitting a "drug courier profile" and after having identified the luggage described to him by the authorities in Los Angeles.

This examination was not unreasonable. No meaningful interference with the possessory interest of the defendant in the bag occurred when it was "squeezed" in a baggage handling area of the airport and while still under the control of airport authorities. See, *United States v. Van Leewen*,

397 U.S. 249 (1970), *Cf., Morris v. Commonwealth*, 208 Va. 331 (1967). Nor did the officer search the bag when he used his trained nose to "sniff at its contents." *See Place* at 707.

At the time Officer Beatley approached the defendant, he had probable cause to arrest her based upon his observations and the information previously furnished him. Rather than first arresting the defendant and then conducting a search of her bags, he proceeded to seize the bags and conduct an immediate warrantless search of their contents.

Any examination of this case must include a review of those warrantless searches incident to a lawful arrest. *Chimel v. California*, 395 U.S. 752 (1969). "The general rule is that when a person is placed under lawful arrest, the area subject to his [or her] immediate control is subject to a lawful search." *Albert v. Commonwealth*, 2 Va. App. 734 (1986). The defendant was promptly arrested at the airport by Officer Beatley after one of the bags was opened.

Temporal considerations are not necessarily decisive when it comes to deciding the legality of a warrantless search incident to arrest. "When probable cause exists to arrest a person, a constitutionally permissible search of the person incident to arrest may be conducted by an officer either before or after the arrest if the search is contemporaneous with the arrest." *Italiano v. Commonwealth*, 214 Va. 334 (1973).

In the instant case, the Commonwealth has met its burden in proving to the Court that Officer Beatley made a search contemporaneous with a lawful arrest based on probable cause and was therefore authorized to make a search incident to the arrest. *Cf., Harris v. Commonwealth*, 241 Va. 146 (1991); *see also, Smith v. Ohio*, 494 U.S. 541 (1990).

Accordingly, the Court finds that the warrantless search and seizure of the luggage was not violative of defendant's Fourth Amendment rights. Any evidence obtained as a proximate result of the search and arrest, including statements made by the defendant, are also admissible.