COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Annunziata and Overton
Argued at Norfolk, Virginia


ALFONZA WYCHE, JR.

MEMORANDUM OPINION[*] BY
v.   Record No. 2729-97-1        JUDGE ROSEMARIE ANNUNZIATA
                                 JANUARY 26, 1999
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Robert W. Jones, Jr. (Jones & Jones, P.C., on
brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Alfonza Wyche ("appellant") appeals his convictions under

Code §§ 18.2-250 and 18.2-308.4 for:  (1) possession of cocaine,

and (2) possession of a firearm while in possession of cocaine,

respectively.  Appellant contends the evidence was insufficient

to establish his guilt beyond a reasonable doubt.  We disagree

and affirm.

When the sufficiency of evidence is challenged on appeal, we

must view the evidence undergirding a conviction in the light

most favorable to the Commonwealth.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 318 S.E.2d 534, 537 (1975).  "An

appellate court must discard all evidence of the accused that

conflicts with that of the Commonwealth and regard as true all

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom." Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993).

Viewed in this light, the following facts were established by the evidence. On April 7, 1997, officers of the Newport News police department executed a search warrant at 1120 23rd Street in Newport News, which authorized them to search the premises and all persons found there. Police described the premises as "the largest open air drug market in the city," and the constant source of drug-related incidents. Appellant resided in the one-bedroom, downstairs apartment of 1120 23rd Street. Appellant had lived in the apartment for about three or four months. As police approached the premises, they observed several individuals seated on the front porch; appellant was seated on a stool just inside the front screen door. Three juveniles were also found in the downstairs apartment's living room.

In the course of the search of the premises, Detective Best found six "packs" of heroin wrapped in a piece of white paper on top of an open toolbox a few feet away from where appellant sat at the doorway. In the downstairs bedroom, Best also found a rock of cocaine lying unwrapped and in plain view on the bed's flat headboard and various amounts of cash in three separate drawers.[1]

---

[1]Best found $38 in one drawer, $126 in another, and an unidentified amount in a third.

Another officer, Detective Stevenson, seized appellant at the doorway and directed him to the downstairs bedroom, which appellant had identified as his. While searching appellant in the bedroom, Stevenson asked if he kept any weapons or drugs there. Appellant directed Stevenson to a loaded .357 caliber revolver under his bed. Appellant claimed that a brother, engaged in a domestic dispute, had placed the gun there for safekeeping. Stevenson found approximately $300 of cash in appellant's wallet, $65 of cash in a front pocket of appellant's pants, and a pager.

At trial, appellant testified that he knew nothing about the drugs found in the bedroom, stating that the downstairs apartment belonged to a brother, that he was staying there with him, and that he slept on the couch in the living room, but kept clothes in the bedroom where the cocaine was found. Appellant further testified that two of the juveniles found in the downstairs living room were a nephew and niece, that they were visiting him at the time, and that they had access to the entire house. There was no evidence regarding how long these individuals had been in the apartment or what they were doing prior to the arrival of police.

We will not reverse the trial court's judgment unless it is plainly wrong or without evidence to support it. Code § 8.01-680. To obtain a conviction of possession of a controlled substance, the Commonwealth may prove either actual or

constructive possession.  White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876, 879 (1997).  Under a constructive possession theory, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."  Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).  Proof of the presence of contraband on premises owned or occupied by an accused is insufficient, standing alone, to prove constructive possession.  Code § 18.2-250.  Although such evidence is probative, it is only a circumstance that may be considered with the other evidence.  Tucker v. Commonwealth, 18 Va. App. 141, 144, 442 S.E.2d 419, 421 (1994).  Further, the duration of possession is immaterial, and the defendant need not be in exclusive possession to sustain a conviction.  Clodfelter v. Commonwealth, 218 Va. 619, 622, 238 S.E.2d 820, 822 (1977); Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997).

"Circumstantial evidence is sufficient to support a conviction as long as it excludes every reasonable hypothesis of innocence."  Tucker, 18 Va. App. at 143, 442 S.E.2d at 420. "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to

rise to the level of proof beyond a reasonable doubt." Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (quoting Haywood v. Commonwealth, 20 Va. App. 562, 567-68, 458 S.E.2d 606, 609 (1995)). The Commonwealth need not "exclude every possible theory or surmise," but only those hypotheses "which flow from the evidence itself, and not from the imagination of defendant's counsel." Cantrell v. Commonwealth, 7 Va. App. 269, 289-90, 373 S.E.2d 328, 338-39 (1988) (citations omitted).

We find the evidence is sufficient to sustain appellant's conviction beyond a reasonable doubt. Police found a rock of unwrapped cocaine lying in plain view on the headboard of appellant's bed while executing a search warrant in the apartment, which was located in a house described as the largest open air drug market in Newport News. Indeed, police also found a quantity of heroin on the premises. Appellant kept his personal property in the room where police found the drugs and readily identified the hidden location of a gun, evidencing his familiarity with the room and its contents. There was no evidence that anyone other than appellant had been in the bedroom prior to the discovery of drugs within it. Police also found several bundles of cash in appellant's bedroom, and two bundles of cash and a pager on appellant's person, evidence generally associated with drug-distribution activities. See Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998);

White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc).  Finally, the trial court was entitled to reject appellant's testimony professing ignorance of the existence of the drugs in his bedroom and infer that appellant lied to conceal his guilt.  Price v. Commonwealth, 18 Va. App. 760, 768, 446 S.E.2d 642, 647 (1994).  See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (stating that the trial court's finding as to the credibility of a witness stands on the same footing as the verdict of a jury and cannot be disturbed unless plainly wrong or without evidence to support it).

We accordingly affirm the convictions.

Affirmed.

Benton, J., dissenting.

To support on appeal a conviction based upon constructive possession of a controlled substance, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). Based upon evidence that proved only that cocaine was found in the room "identified as . . . [Alfonza] Wyche's bedroom," the majority upholds the convictions for possession of cocaine and possession of cocaine while simultaneously possessing a firearm. However, the legislature has unequivocally determined that in Virginia "ownership or occupancy of premises . . . in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance." Code § 18.2-250.

The officer who obtained the search warrant described the building as follows:

> Q: And the house that you're talking about there, 1120 - 23rd Street, it has -- when you come in the foyer, you come in the main door, the front door of the apartment, where you found Mr. Wyche, there's a stairway leading upstairs into what has been made into an apartment?
>
> A: That's correct.
>
> Q: And you go down, I guess a hallway beside the stairwell to get to the back apartment?

- 7 -

A:  That's correct.

Q:  And with the exception of what you read in the affidavit, you don't know whose apartment the upstairs apartment and downstairs apartment belong to, from your own personal knowledge?

A:  Based on information that I received from the informant, I knew who both of the individuals were, but I did not have any personal knowledge.

The Commonwealth's evidence does not prove who was the leaseholder of the first floor apartment that was searched. Although the officer who obtained the search warrant testified that, "[b]ased on the information in the [search warrant] affidavit, [he] was able to ascertain it was the apartment of . . . Wyche's girlfriend," the trial judge ruled that this "was hearsay evidence" and disregarded it.

The evidence is undisputed, however, that when the officers arrived to search the apartment, Wyche was sitting on a stool at the front door of the building which contained the two apartments.  Wyche was not inside the apartment; he was in the foyer at the building's entrance in full view of the officers. The officers initially detained Wyche in the foyer where he was sitting.

Other officers entered the apartment on the first floor of the building and detained three juveniles who were inside the apartment.  During the search of the apartment, one of the officers found a "rock" of cocaine in plain view on the headboard of a double bed.  The officer testified that the room was

"identified as . . . Wyche's bedroom."  The apartment contained only one bedroom.

Even if the room was Wyche's bedroom, no evidence proved when Wyche was last in the bedroom.  Wyche made no statements that indicated he was aware of the presence of the cocaine in the bedroom.  At trial, he testified that "it's my brother's apartment.  I was just staying with him."  Wyche further testified that he "slept in the living room on the couch" and kept his clothes in the bedroom.  He denied knowing the cocaine was in the bedroom.

The Supreme Court has consistently ruled that an accused may not be convicted of possessing narcotics found in a place that the accused occupies where the evidence proved (1) that the accused was not present in the place where the narcotics were found and (2) that other persons had access to the premises. See, e.g., Drew v. Commonwealth, 230 Va. 471, 338 S.E.2d 844 (1986); Powers v. Commonwealth, 227 Va. 474, 316 S.E.2d 739 (1984); Garland v. Commonwealth, 225 Va. 182, 300 S.E.2d 783 (1983); Clodfelter v. Commonwealth, 218 Va. 619, 238 S.E.2d 820 (1977); Huvar v. Commonwealth, 212 Va. 667, 187 S.E.2d 177 (1972); Crisman v. Commonwealth, 197 Va. 17, 87 S.E.2d 796 (1955).  See also Burchette v. Commonwealth, 15 Va. App. 432, 425 S.E.2d 81 (1992).

Wyche was arrested outside the apartment.  In failing to prove beyond a reasonable doubt when Wyche was in the bedroom,

the evidence does not otherwise establish that Wyche was aware of the presence and character of the cocaine and that he intentionally and consciously possessed it or exercised dominion and control over it.  See Drew, 230 Va. at 473, 338 S.E.2d at 845; Powers, 227 Va. at 476, 316 S.E.2d at 740.  Failing to prove that Wyche had exclusive access to the bedroom and failing to account for all those who may have had access to the location where the cocaine was found, the Commonwealth cannot rely on an inference from these circumstances that Wyche knew of the presence of the cocaine.  See Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981) (per curiam).

No presumption that Wyche possessed the drugs arises from the officer's testimony that the drugs were found in the bedroom that someone identified to the officer as Wyche's bedroom.  Code § 18.2-250.  Furthermore, although the majority notes that opinions of this Court have considered an accused's possession of cash and pagers as factors in judging whether an accused intended to distribute a controlled substance found in his or her possession, that proposition is irrelevant to the facts of this case.  Wyche did not actually possess the cocaine.  More significant, however, the trial judge ruled that the evidence was insufficient to prove Wyche intended to distribute cocaine, and the judge convicted Wyche of simple possession.  The majority cites no authority, and the Commonwealth produced no evidence, which suggests that Wyche's possession of cash and a pager tends

to prove that he possessed the cocaine found in the bedroom.

> It is well settled in Virginia that to justify conviction of a crime, it is not sufficient to create a suspicion or probability of guilt, but the evidence must establish the guilt of an accused beyond a reasonable doubt. It must exclude every reasonable hypothesis except that of guilt. The guilt of a party is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence.

Cameron v. Commonwealth, 211 Va. 108, 110-11, 175 S.E.2d 275, 276 (1970). "'[C]ircumstances of suspicion, no matter how grave or strong, are not proof . . . sufficient to support a verdict of guilty.'" Crisman, 197 Va. at 21, 87 S.E.2d at 799 (citation omitted); see also Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981). The evidence in this record creates only a mere suspicion and does not exclude the reasonable hypothesis that someone other than Wyche placed the cocaine in the room and possessed it.

For these reasons, I would reverse the convictions and dismiss the prosecution.