COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


TERRY DESHAWN JACKSON

                                    MEMORANDUM OPINION* BY
v.    Record No. 0684-00-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JANUARY 23, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     Joseph A. Leafe, Judge

            Glenn R. Hilton for appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Mark L. Earley, Attorney
            General, on brief), for appellee.


     Terry D. Jackson (appellant) was convicted in a bench trial

of (1) possession of cocaine, with intent to distribute, in

violation of Code § 18.2-248, (2) possession of a firearm, while

possessing, with intent to distribute, cocaine, in violation of

Code § 18.2-308.4(B); and (3) possession, with intent to

distribute, of more than one-half ounce but less than five pounds

of marijuana, in violation of Code § 18.2-248(a)(2).  On appeal,

he contends the evidence was insufficient to convict him.  We

agree and reverse and remand for further proceedings his

convictions for possession of cocaine and marijuana with the

intent to distribute.  We reverse and dismiss his conviction for

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

possession of a firearm while possessing, with intent to distribute, cocaine.

## I. Background

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). On May 13, 1999, the Norfolk Police Department executed a search warrant at 3126 Argonne Avenue, Apartment B, in Norfolk. The warrant was obtained on the sworn affidavit of Investigator J.F. Poch, who did not testify. The affidavit asserted that three controlled buys were made at the apartment and described two men involved in the sales, neither of whom was appellant. One of the men described in the affidavit was later identified as Gary Hill (Hill). The other man was not identified. After the search warrant was issued but before its execution, the confidential informant conducted a fourth controlled buy. The fourth buy occurred two to three hours before the warrant was executed. The confidential informant described the seller to police as "[a]pproximately five nine, 160 pounds, light-skinned, medium Afro, . . . wearing a light-colored shirt, in his early 20's." The confidential informant did not testify at trial.

When Officer R.C. Boone (Boone) executed the warrant, he found appellant and Hill sitting on a couch. Five small bags of

-

cocaine, weighing a total of .48 grams with a street value of $50, were on a coffee table in front of the couch and two bags of marijuana, containing a total of 2.64 ounces of marijuana, were on the coffee table. A 1.34 ounce bag of marijuana was on the couch next to appellant. A digital scale in a leather case was found on the coffee table. Boone saw a handgun on the couch between appellant and Hill.

A search of the rest of the apartment uncovered 4.48 ounces of marijuana in the hallway closet and .08 ounces of marijuana in the kitchen cabinet. Appellant admitted he was aware of the marijuana on the coffee table and couch and the handgun on the couch. However, other than appellant's presence in the apartment at the time the officers executed the search warrant, there was no evidence linking appellant to the apartment.[1]

## II. Sufficiency of the Evidence

Appellant contends that the evidence was insufficient to convict him of the three charges. The judgment of the trial court, sitting without a jury, is entitled to the same deference as a jury verdict and will be set aside only if plainly wrong or without evidence to support it. Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999). "The credibility of a witness, the weight accorded the testimony, and the inferences to

---

[1] According to appellant's uncontradicted testimony, he had not seen Hill in over five years and was in the apartment for only thirty minutes before the search warrant was executed.

be drawn from proven facts are matters solely for the fact finder's determination."  Id. (citation omitted).

In the instant case, appellant was tried on an indictment alleging that he possessed cocaine, marijuana and a firearm with the "intent to distribute" the cocaine and marijuana.  "The Commonwealth was required to prove that appellant 'intentionally and consciously possessed' the [marijuana, cocaine and firearm], either actually or constructively, with knowledge of its nature and character, together with the intent to distribute it."  Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994) (citations omitted).

## A.  Constructive Possession

Appellant contends that the evidence was insufficient to prove he possessed the marijuana, cocaine and firearm.  Possession can be actual or constructive.  See id.  "Constructive possession may be shown by [appellant's] acts, declarations or conduct which support the inference that the contraband was 'subject to his dominion or control.'"  Id. (quoting Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497-98 (1990) (en banc)).  Thus, the Commonwealth must establish that appellant "was aware of both the presence and character of the substance and that it was subject to his dominion and control."  Brown v. Commonwealth, 5 Va. App. 489, 491-92, 364 S.E.2d 773, 774 (1988).  "[A] person may constructively possess drugs owned by another."  Harrison v. Commonwealth, 12 Va. App. 581, 585, 405 S.E.2d 854, 857 (1991).

-

In the instant case, appellant testified that he knew what marijuana, cocaine and a gun look like. He admitted he sat on the couch with a handgun between himself and Hill. He saw the drugs[2] on a coffee table[3] located directly in front of the couch and the marijuana on the side of the couch near him. Appellant noticed the marijuana and gun as soon as he entered the living room. While talking, Hill asked appellant if he wanted to "smoke a blunt," but appellant refused. The drugs and handgun were located within the immediate vicinity of appellant. At one point, Hill went to the door and talked to someone else, leaving appellant alone with the drugs and handgun. In combination, these circumstances establish appellant's knowledge of the drugs and firearm and that they were subject to appellant's dominion and control. Thus, the Commonwealth established that appellant constructively possessed the drugs and firearm. However, our inquiry does not end there.

B. Intent to Distribute

All three of the charged offenses required the Commonwealth to prove not only possession but also to prove beyond a reasonable doubt that appellant had the specific intent to distribute the

---

[2] On appeal, appellant claims he was only aware of the marijuana, however, the record indicates he testified that "the drugs were in front of" him.

[3] Drugs were also found elsewhere in the apartment. However, the Commonwealth presented no evidence that appellant had knowledge of the other drugs.

drugs.[4]  "[P]roof of intent is essential to conviction.  While intent may be shown by circumstantial evidence, the existence of intent cannot be based upon speculation or surmise."  Adkins v. Commonwealth, 217 Va. 437, 440, 229 S.E.2d 869, 871 (1976).  Where evidence of intent to distribute is wholly circumstantial, "'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Barksdale v. Commonwealth, 31 Va. App. 205, 211, 522 S.E.2d 388, 391 (1999) (quoting Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984)); see also Morton v. Commonwealth, 13 Va. App. 6, 9, 408 S.E.2d 583, 584 (1991).

To prove appellant's "intent to distribute," the Commonwealth presented evidence attempting to establish that appellant was the seller in the fourth buy which occurred several hours before the execution of the search warrant.  "The standard for judging the sufficiency of evidence to prove identity or any other key fact in a criminal case is . . . the Commonwealth must prove that fact beyond a reasonable doubt."  Crawley, 29 Va. App. at 377-78, 512 S.E.2d at 172 (emphasis in original).  In the instant case, the

---

[4] The Commonwealth argues that Rule 5A:18 bars this Court from considering the "intent to distribute" element of the crimes because appellant "conceded that whoever possessed the drugs had intended to distribute them."  We disagree.  Appellant argued in his motion to strike that even though other persons clearly possessed the intent to distribute the drugs, appellant did not.

-

confidential informant described the seller in the fourth buy as "[a]pproximately five nine, 160 pounds, light-skinned, medium Afro, . . . wearing a light-colored shirt, in his early 20's." The confidential informant was the only person who observed the seller during the fourth sale.  There was no evidence presented that the confidential informant identified appellant as being the seller.  The following colloquy with Investigator Boone occurred during the trial:

> Q.  I thought.  Investigator, earlier, when I asked you whether Mr. Jackson had been identified as the person described by the confidential informant, you said, in essence, that Investigator Poch would have to address that question?
>
> A.  Right.  He said to me, he didn't say to the informant.  He said, Did I identify him from the description, and yes, I mean, from the description, to me that fit him, yes.  I identified him as such.  He didn't say anything about the informant identifying him. I'm not sure about the informant identifying him.
>
> Q.  I'd asked you earlier whether the informant had subsequently identified Mr. Jackson by name.  You said, by just a general physical description.  And you said, well, I really can't address that.  Officer Poch would have to do it.  And now you've just said, you identified Mr. Jackson as being the person who allegedly made the sale to the confidential informant.  I'm wondering how we're getting to that point?  I'm a little confused.
>
> A.  Okay, so am I.  Basically when you asked me that question, I told you that he identified him by description is what I said. And what he just asked me was, based upon the information that the informant gave to us,

-

did I identify him as being that subject?  To me, that information obtained, matches the subject.  That has nothing to do with the informant, as far as what I understood.  If that's what it was, then I misunderstood the question.

Q.  That's what I wanted to make sure of.  In other words, Mr. Jackson seemed to match the general physical description given by the confidential informant.  So you're assuming that Mr. Jackson was, in fact, the person who tried to sell grass to the confidential informant?

A.  That's correct.

Despite testifying that appellant matched the description provided by the confidential informant, Boone testified:

Q.  Did he have the appearance that he has today with the snakes or the dreads?

A.  No.

Q.  He did not?

A.  Not to that extent, but he did have the medium dreads.

Thus, Boone confirmed appellant's testimony that appellant had "medium dreads" at the time of arrest not the "medium afro" observed by the confidential informant.  The general description of the seller, never identified by anyone as appellant, is insufficient to prove his involvement in the fourth sale.  Nor is this a case where the Commonwealth may rely upon the quantity and packaging of the drugs to establish appellant's "intent to distribute" because "one party in possession of controlled substances may intend to distribute them while another person who

-

constructively possesses the same substances because they are subject to his dominion and control may not share the intent to distribute the substances."  Harrison, 12 Va. App. at 585, 405 S.E.2d at 857.  As appellant was not the sole possessor of the drugs, the Commonwealth must provide further evidence of "intent to distribute" than simply the quantity and packaging of the drugs.  Absent proof of appellant's involvement in the fourth sale, the Commonwealth provided no evidence that linked appellant to any earlier sale or proved that he "intended to sell" any drugs.

In summary, we hold the evidence was insufficient to sustain appellant's conviction for possession of a firearm while possessing, with the intent to distribute, cocaine and dismiss this conviction.  We hold the evidence was insufficient to sustain appellant's convictions for possession of cocaine, with intent to distribute, and possession of marijuana, with intent to distribute, but remand to the trial court for sentencing on the two lesser-included offenses of possession of cocaine and marijuana.

> Reversed and remanded, in part, and reversed and dismissed, in part.

Benton, J., concurring and dissenting.

I concur in Part I and Part II(B) of the opinion. Because I believe, however, that the evidence failed to prove Terry Jackson constructively possessed the narcotics and the gun, I dissent from Part II(A).

I.

The standard governing the analysis of this circumstantial evidence case is well established.

> The burden was on the Commonwealth to prove beyond a reasonable doubt that [Jackson] was aware of the presence and character of the [narcotics] and was intentionally and consciously in physical or constructive possession of [them]. To support the conviction, the possession does not have to be actual or exclusive, but may be proved by showing that the [narcotics were] subject to [Jackson's] dominion and control. But mere proximity to a controlled drug is not sufficient to establish possession.

Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977) (citations omitted) (emphasis added). The existence of evidence necessary to prove elements of the offense "cannot be based upon surmise or speculation." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975). "To satisfy the due process requirements of the . . . Constitution, the prosecution must bear the burden of proving all elements of the offense beyond a reasonable doubt." Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983).

-

The evidence proved that the apartment was leased and occupied by Gary Hill, who was present in the apartment at all times.  The evidence proved marijuana and cocaine were on the table in front of Hill and marijuana was hidden in other places in Hill's apartment.  The police officer testified that he did not know how long the cocaine and marijuana had been on the table and that he detected no smell indicating that marijuana or cocaine had been smoked.  He further testified that the marijuana and cocaine "weren't laying open as if someone had been . . . using it."

As in Wright, the evidence in this case proved only that Jackson was seated in proximity to the gun and the cocaine and marijuana.  No evidence proved he exerted dominion or control over any of those items.  Indeed, as in Wright, Jackson "did not live in the apartment, no [cocaine] was found in his actual possession, and there is no evidence that the [cocaine] was shared with [the lessee] or that it was under [Jackson's] dominion or control."  217 Va. at 670, 232 S.E.2d at 734.  The decisions in Wright, Huvar v. Commonwealth, 212 Va. 667, 187 S.E.2d 177 (1972), and Crisman v. Commonwealth, 197 Va. 17, 87 S.E.2d 796 (1955), all stand for the proposition that an accused's mere proximity to persons who possess drugs or to places where drugs are found is insufficient to establish constructive possession.  As in those cases, the evidence here

-

also fails to establish that Jackson owned, controlled, or used any of the cocaine or marijuana found in Hill's apartment.

Apropos to this case, the Court ruled in Huvar as follows:

> The only evidence which connects the
> [accused] with the drugs involved here is
> his presence in the apartment when they were
> found . . . . There is no evidence that
> [the accused] owned, possessed or exercised
> any control over these specific drugs.

212 Va. at 668, 187 S.E.2d at 178. No evidence of acts, declarations, or conduct proved Jackson had dominion or control over the marijuana or cocaine that was in Hill's apartment. Proof that Jackson remained in the living room while Hill answered a knock on the door fails to prove Jackson intentionally and consciously possessed Hill's narcotics. This evidence proves only that Jackson may have had the opportunity to exercise control over the items.

"'[C]ircumstances of suspicion, no matter how grave or strong, are not proof . . . sufficient to support a verdict of guilty.'" Crisman, 197 Va. at 21, 87 S.E.2d at 799 (citation omitted); see also Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981).

> It is well settled in Virginia that to
> justify conviction of a crime, it is not
> sufficient to create a suspicion or
> probability of guilt, but the evidence must
> establish the guilt of an accused beyond a
> reasonable doubt. It must exclude every
> reasonable hypothesis except that of guilt.
> The guilt of a party is not to be inferred
> because the facts are consistent with his

-

        guilt, but they must be inconsistent with
        his innocence.

Cameron v. Commonwealth, 211 Va. 108, 110-11, 175 S.E.2d 275,

276 (1970).

    The evidence in this record proves only Jackson's mere

proximity to the cocaine, the marijuana, and the gun.  This

evidence creates a mere suspicion that he could have had control

and, thus, it was insufficient to prove constructive possession

beyond a reasonable doubt.  As does the majority opinion, I

would reverse the convictions of possession with intent to

distribute the marijuana and the cocaine and the corresponding

conviction for possessing a firearm.  In addition, however, I

would also hold that the evidence failed to prove constructive

possession necessary to support the lesser-included offenses.

Accordingly, I would reverse all the convictions and dismiss the

indictments.