COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


RASHAD JAVELL NEVON FRAIERSON
                                              MEMORANDUM OPINION* BY
v.        Record No. 1147-04-2              JUDGE RUDOLPH BUMGARDNER, III
                                                    MARCH 29, 2005
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                         Frederick G. Rockwell, III, Judge

           Gregory R. Sheldon (Goodwin, Sutton & DuVal, PLC, on brief), for
           appellant.

           Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
           Attorney General, on brief), for appellee.


       Rashad J.N. Fraierson appeals his convictions of possession of cocaine with the intent to

distribute and possession of heroin.  He maintains that the police seized the drugs without

probable cause and that the evidence is insufficient.  Finding no error, we affirm.

       At a pretrial suppression hearing, the trial court suppressed the drugs seized at the scene

of the arrest.  It concluded that the police actions amounted to an arrest without probable cause

because the defendants were "forcibly removed from the vehicle at gunpoint and placed on the

ground in handcuffs."  This Court reversed that decision, Commonwealth v. Fraierson and

McNeal, No. 1889-03-2 (December 16, 2003).  On remand, the parties stipulated the evidence

from the suppression hearing, presented no additional or conflicting evidence on admissibility of

the evidence, and the trial court admitted it.

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

We view the evidence in the light most favorable to the Commonwealth, the prevailing party. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "Since the constitutionality of a search and seizure under the Fourth Amendment involves questions of law and fact, we give deference to the factual findings of the trial court but independently decide whether, under the applicable law, the manner in which the challenged evidence was obtained satisfies constitutional requirements." Jerald Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004).

A confidential informant approached the Chesterfield County Police with an offer to exchange information for leniency on two pending charges. Officer Henderson determined that the informant was "very knowledgeable" regarding the use and sale of drugs. The informant told the police about a black male, approximately 6 feet tall weighing about 160 pounds named "Todd" who sold drugs. He arranged to buy $100 of crack cocaine from Todd at a particular Chevron gas station. The informant advised that Todd would arrive in an older model tan Pontiac Bonneville, and he provided the police with the cell phone number that he used to contact Todd.

On the day of the arranged buy, the informant accompanied Officer Gordon to the gas station. They parked within sight of the station but remained in the police vehicle. The informant contacted Todd several times by cell phone. After about 40 minutes, while talking on the phone to Todd, the informant relayed the message to Officer Gordon that Todd said, "I am pulling into the lot now." As he spoke, a brown Pontiac Bonneville pulled onto the parking lot of the Chevron station. It contained two passengers in addition to the driver. The defendant was the driver, and the informant later identified the passenger in the front seat as Todd.

Officer Gordon radioed that information to awaiting officers, who immediately came to the scene. They blocked the car when it appeared to try to leave and approached it with drawn

weapons. As Officer Helton approached the driver's side of the vehicle, he observed the front seat passenger reach forward and down towards his feet. Officer Helton advised the other officers of his observation and ordered the driver to open his door. The driver did not comply, but finally opened the door after the officer yelled the instruction several times. When he did, Officer Helton immediately smelled burnt crack cocaine coming from inside the vehicle.

Officer Godsey was approaching the passenger's side of the car when he heard Officer Helton's warning about the front seat passenger's movements. Officer Godsey drew his weapon and ordered the passenger out of the car.

The defendant concedes the police had reasonable suspicion to stop the car. Officers conducting an investigative detention may approach a car and order its occupants to exit. Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6 (1977). As soon as the defendant opened the door, the officer smelled burnt crack cocaine coming from the car. "[P]olice may search an automobile . . . [in which] they have probable cause to believe contraband or evidence is contained." California v. Acevedo, 500 U.S. 565, 580 (1991).

The police had probable cause to arrest. It matters not that the search preceded the actual arrest so long as probable cause existed at the time of the search. McCracken v. Commonwealth, 39 Va. App. 254, 261, 572 S.E.2d 493, 496 (2002) (*en banc*). Once "probable cause exists to arrest a person, a constitutionally permissible search of the person incident to arrest may be conducted by an officer *either before or after* the arrest if the search is contemporaneous with the arrest." Italiano v. Commonwealth, 214 Va. 334, 336, 200 S.E.2d 526, 528 (1973) (emphasis in original).

The odor of burnt cocaine confirmed the reasonable suspicion that at least one person within the car possessed cocaine, and it gave the police probable cause to believe cocaine was present. Cherry v. Commonwealth, 44 Va. App. 347, 357-58, 605 S.E.2d 297, 302 (2004) (smell

of burning marijuana gave officer probable cause to believe marijuana in residence).[1]  They could arrest the defendant.  See Maryland v. Pringle, 540 U.S 366, 372 (2003) (police can arrest all occupants of car when no one claims ownership of drugs found inside).  When the police have probable cause to believe that a suspect is committing a crime, they may search him.  Parker v. Commonwealth, 255 Va. 96, 106, 496 S.E.2d 47, 53 (1998).  The evidence clearly shows the officers had probable cause to believe drugs were in the car before they arrested or searched the defendant.  The admission of the drugs was proper.

The defendant also maintains the evidence was insufficient to prove he intended to distribute the cocaine or knowingly possessed the heroin.  We continue to view the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences fairly deducible from it.  Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

A knowledgeable informant arranged to buy cocaine from "Todd" at a specific time, date, and place.  As he announced his arrival by telephone, Todd arrived at the scene in the precise manner arranged.  The defendant drove the vehicle in which Todd rode to consummate the drug sale while Todd talked on his cell phone to the informant about the sale.  The vehicle matched the description that Todd had given when arranging the sale.  It was a reasonable inference that the occupants of the vehicle were present "by choice and presumably on a common mission."  United States v. Sakyi, 160 F.3d 164, 169 (1998).  See also Pringle, 540 U.S. at 372.

When arrested, both the defendant and Todd possessed drugs.  Todd also possessed a large quantity of cash and a firearm.  The defendant possessed three types of drugs packaged in

---

[1] See also United States v. Cephas, 254 F.3d 488, 494 (4th Cir. 2001) (informant's tip coupled with smell of marijuana gave police probable cause to believe marijuana present); Hollis v. Commonwealth, 216 Va. 874, 878, 223 S.E.2d 887, 890 (1976) (officer with probable cause to believe drugs in car, had probable cause to arrest when he smelled marijuana coming from car).

six separate bags that included nearly 10 grams of cocaine.[2] Expert testimony established the

street value of the cocaine was $100 per gram and that the quantity found was inconsistent with

personal use.

> The specific intent to [commit a crime] may be inferred from the
> conduct of the accused if such intent flows naturally from the
> conduct proven. Where the conduct of the accused under the
> circumstances involved points with reasonable certainty to a
> specific intent to [distribute], the intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995) (citation omitted). See

also McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001) (factors

indicating intent to distribute include possession of large quantity of cash and a firearm). The

quantity alone supports an inference that the defendant intended to distribute the cocaine. Dukes

v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). The evidence was sufficient

to prove the defendant intended to distribute cocaine and knowingly possessed heroin.

Accordingly, we affirm.

Affirmed.

---

[2] The officers recovered a plastic bag from the defendant's underwear that contained six other bags: two contained 6.018 grams of powder cocaine, two contained 3.099 grams of crack cocaine, and two contained a brownish substance later determined to be .989 grams of heroin.