COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


DARNELL D. CRAWLEY
                                              OPINION BY
v.   Record No. 2496-97-2                JUDGE LARRY G. ELDER
                                            MARCH 23, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   Buford M. Parsons, Judge

         Matthew P. Geary (Goodwin, Sutton, Duval &
         Geary, on brief), for appellant.

         H. Elizabeth Shaffer, Assistant Attorney
         General (Mark L. Earley, Attorney General,
         on brief), for appellee.


     Darnell D. Crawley (appellant) appeals from his bench trial

conviction for breaking and entering pursuant to Code § 18.2-91.

On appeal, he contends the evidence was insufficient to prove

(1) that he was the person whose fingerprints were found at the

scene of the break-in and (2) that he acted with the requisite

intent to commit larceny, assault and battery or any felony

other than murder, rape or robbery.  For the reasons that

follow, we reverse appellant's conviction on the first issue

and, therefore, do not reach the second issue.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Any element of a crime may be proved by circumstantial evidence.  See, e.g., Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  Such evidence "is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether a hypothesis of innocence is reasonable is a question of fact.  See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

On appeal, appellant divides into two parts his challenge to the sufficiency of the evidence to prove identity.  He

contends the evidence was insufficient, first, because the Commonwealth failed to introduce evidence through the officials who prepared the Henrico County and Virginia State Police fingerprint cards that appellant was the person from whom they took the prints; and second, because Investigator Curran did not take appellant's fingerprints and, therefore, could not match them to the prints on the Henrico and State Police cards or to the fingerprints taken from the scene of the break-in. The Commonwealth contends that these arguments relate only to the admissibility of the fingerprint cards. Because the cards were admitted without objection, it contends, appellant waived any right to challenge their authenticity. The Commonwealth also argues that, even if the arguments relate to sufficiency, the evidence of appellant's name, birth date, gender and race was sufficient to prove appellant's identity as the perpetrator beyond a reasonable doubt. We agree with portions of both arguments.

1.

ADMISSIBILITY OF FINGERPRINT CARDS

"It is a generally recognized rule that records and reports prepared by public officials pursuant to duty imposed by statute, or required by the nature of their offices, are admissible as proof of the facts stated therein." Williams v. Commonwealth, 213 Va. 45, 46, 189 S.E.2d 378, 379 (1972); see

- 3 -

Code § 19.2-390 (requiring, in part, that every person arrested for a felony be fingerprinted and the fingerprints filed with the Central Criminal Records Exchange).  However, this rule applies only to those portions of such documents "relat[ing] facts or events within the personal knowledge and observation of the recording official to which he could testify should he be called as a witness."  Williams, 213 Va. at 45-47, 189 S.E.2d at 379-80 (holding arrest report which contained arrestee's age as reported by arrestee was inadmissible to prove arrestee's age because age information was hearsay).

Because appellant registered no hearsay objection to the admissibility of the cards, he waived the right to contest their admissibility on appeal.  See Rule 5A:18; Woodson v. Commonwealth, 211 Va. 285, 288-89, 176 S.E.2d 818, 821 (1970) ("A litigant may not, in a motion to strike, raise for the first time a question of admissibility of evidence.").  At trial, appellant merely objected to the admission of the cards subject to cross-examination, and he never conducted any cross-examination, thereby waiving any objections to admissibility.  Therefore, for purposes of appeal, the evidence establishes conclusively that the fingerprints on the Henrico County and State Police cards were obtained from Darnell Devan Crawley, a black male 5'8" tall and weighing 140 pounds, with a tattoo on his right arm, a birth date of December 15, 1968, a

- 4 -

Social Security number of 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, and an address of 2828 Fairfield Avenue, Richmond, Virginia 23223, as of April 24, 1996.

2.

SUFFICIENCY OF FINGERPRINT EVIDENCE TO PROVE IDENTITY

Despite appellant's inability to challenge the proof that the Henrico County and State Police fingerprint cards came from a Darnell Devan Crawley with the above vital statistics, he properly may challenge the sufficiency of the evidence to prove that he is the person whose fingerprints are contained on those cards and were found at the scene of the break-in.  Citing Cook v. Commonwealth, 7 Va. App. 225, 230, 372 S.E.2d 780, 783 (1988), the Commonwealth contends that the evidence of identity was sufficient to prove the fingerprints were appellant's because the "[i]dentity of names carries with it a presumption of identity of person."  We reject the application of this principle to the facts of this case.

Cook is distinguishable, first, because it was a sentence-enhancement case which dealt with the admissibility of certain documents and not their sufficiency to prove the defendant's prior convictions.[1]  For any type of evidence to be

---

[1]The defendant in Cook did not challenge the sufficiency of the evidence on appeal, and any statements in Cook regarding sufficiency, therefore, are dicta.

- 5 -

admissible, its offeror need only prove that it is "material--tending to prove a matter . . . properly at issue in the case--and relevant," Johnson v. Commonwealth, 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986), or that "it has any logical tendency, however slight, to prove a [matter at] issue." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1186, 409 S.E.2d 16, 21 (1991). The standard for judging the sufficiency of evidence to prove identity or any other key fact in a criminal case is much higher--the Commonwealth must prove that fact beyond a reasonable doubt. See, e.g., Martin v. Commonwealth, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992) (en banc); Brickhouse v. Commonwealth, 208 Va. 533, 536, 159 S.E.2d 611, 613-14 (1968). Therefore, just because a particular document is admissible does not mean it constitutes proof of a disputed fact sufficient to support a conviction beyond a reasonable doubt. Second, Cook is distinguishable because it involved a document that "bore the defendant's exact name and birth date." 7 Va. App. at 230, 372 S.E.2d at 783. Here, although the Henrico County and State Police fingerprint cards bore the same first and last names and identical birth dates, no evidence in the record proved appellant's name or birth date.

As the Supreme Court previously has held, "[w]hen the Commonwealth relies solely upon fingerprint evidence to identify a criminal agent, it bears the burden of excluding every

reasonable hypothesis of innocence . . . ." Tyler v.

Commonwealth, 254 Va. 162, 166, 487 S.E.2d 221, 223 (1997).

Viewing the circumstantial evidence of identity here in the

light most favorable to the Commonwealth, we hold that it was

insufficient to exclude all reasonable hypotheses of appellant's

innocence.  The evidence admitted established that a Darnell

Devan Crawley, a black male 5'8" tall, 140 pounds, and with a

tattoo on his right arm, a birth date of December 15, 1968, a

Social Security number of 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, and an address at the

time of the break-in of 2828 Fairfield Avenue, Richmond,

Virginia 23223, which was located in the same vicinity as the

victim's apartment, broke the glass in the rear door of the

victim's apartment and was on the premises without permission.

However, the only evidence admitted at trial that linked

appellant to the break-in was that his gender, race and height

were the same as those of both the perpetrator, as proved by the

fingerprint cards, and the person seen fleeing the scene of the

crime.  Assuming without deciding that appellant's statements

upon arraignment constituted evidence that he was Darnell D.

Crawley,[2] the indictment itself contained only his name and did

---

[2]Appellant admitted during his arraignment that he was
Darnell D. Crawley, the person listed in the indictment, but
this statement was not formally admitted as evidence in the
case.  Compare Hooker v. Commonwealth, 14 Va. App. 454, 457, 418
S.E.2d 343, 345 (1992) (holding that defendant's arraignment
under a certain name was not evidence that it was, in fact, his

- 7 -

not list any other identifying characteristics.  We are unable to conclude that the mere similarity of appellant's name with the names on the two fingerprint cards and the fact that appellant was of the same gender, race and approximate height as the person fingerprinted and the person seen fleeing the vicinity of the break-in proved that appellant was the person whose prints were on the cards and in the victim's apartment.

The Commonwealth attempted to have Investigator Curran fingerprint appellant during the trial so it could prove appellant's prints matched the perpetrator's.  However, appellant objected, and the trial court denied the Commonwealth's request.  The Commonwealth objected to the denial, recognizing that it had the burden of "prov[ing] identification beyond a reasonable doubt," but it did not proffer appellant's fingerprints and offered no other evidence to prove appellant was the perpetrator.[3]  Although the

_____

name), with Sheffey v. Commonwealth, 213 Va. 602, 602-04, 194 S.E.2d 897, 898-99 (1973) (in case challenging sufficiency of evidence to prove identity, listing accused's arraignment as John Henry Sheffey as part of evidence proving that he was same John Henry Sheffey whom testifying officer arrested on outstanding warrant and upon whom officer found heroin in a search performed incident to that arrest).  The arrest warrant purported to list appellant's name, birth date, Social Security number and address, but the warrant was neither offered nor admitted as evidence, and the officer who arrested appellant on that warrant did not testify regarding the arrest.

[3]Code § 19.2-390 requires, in part, that every person arrested for a felony be fingerprinted and the fingerprints

circumstances were suspicious, they failed to exclude all reasonable hypotheses of innocence and, therefore, did not prove beyond a reasonable doubt that appellant was inside the victim's apartment.

For these reasons, we reverse appellant's conviction.

<u>Reversed.</u>

---

filed with the Central Criminal Records Exchange.  Presumably, therefore, appellant was fingerprinted upon his arrest for the instant felony offense.  However, the record provides no indication that the Commonwealth attempted to offer these fingerprint records into evidence.