COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


KATHERINE ANN WIGLESWORTH, S/K/A
 KATHERINE WIGGLESWORTH

                                   MEMORANDUM OPINION[*] BY
v.    Record No. 1291-99-2        JUDGE JAMES W. BENTON, JR.
                                        APRIL 11, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Thomas N. Nance, Judge

          Gregory W. Franklin, Assistant Public
          Defender (David J. Johnson, Public Defender,
          on brief), for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     The trial judge convicted Katherine Ann Wiglesworth of escape

from the custody of a police officer in violation of Code

§ 18.2-479 and failure to appear in court in violation of Code

§ 19.2-128.  Wiglesworth contends the evidence was insufficient to

support the escape conviction because no witness identified her as

the perpetrator of the offense.  She also contends the evidence

failed to prove she willfully failed to appear as charged in the

indictment.  For the reasons that follow, we affirm the conviction

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

for escape and reverse the conviction for failure to appear in court.

I.

At trial, City of Richmond Police Officer Wilford Crafton testified that when he went to a motel to investigate a complaint, he encountered "the defendant, Katherine Wiglesworth," another woman, and a man in a motel room. After Crafton checked their identifications, he learned that Wiglesworth was wanted in Henrico County for breaking and entering and grand larceny. Crafton arrested her and notified the county police.

Henrico County Police Officer Timothy Valite testified that when he arrived at the motel, he had "contact with the defendant, Katherine Wiglesworth." Officer Valite interviewed Wiglesworth because he had secured felony warrants the previous day charging Wiglesworth with breaking and entering and grand larceny. After her interview with Officer Valite, Wiglesworth ran as Officer Crafton attempted to place her in the police wagon. Officer Crafton chased Wiglesworth 300 yards before he caught her. He then arrested her for escape in violation of Code § 18.2-479.

The record establishes that the preliminary hearing on the charge of felony escape was set for March 27, 1998, and then continued to April 28, 1998. On April 3, 1998, Wiglesworth signed a recognizance bond requiring her to appear in the City of Richmond General District Court for the hearing on April 28, 1998.

-

Later, the grand jury indicted Wiglesworth for failing to appear on April 28 "as required by the terms of her bail bond."

At trial the prosecutor asked Officer Crafton, "Were you present in the general district court on April 20, 1998?"  When the officer answered in the affirmative, the prosecutor asked, "Did . . . Wiglesworth appear on that day?"  He testified, "No, she didn't."

At the completion of the evidence, the trial judge convicted Wiglesworth of escape from a police officer in violation of Code § 18.2-479 and failure to appear in court in violation of Code § 19.2-128.  This appeal followed.

## II.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the accused] is charged."  In re Winship, 397 U.S. 358, 364 (1970).  "In every criminal prosecution the Commonwealth must establish beyond a reasonable doubt all elements of the offense and that the accused did commit it."  Harwood v. Commonwealth, 5 Va. App. 468, 470, 364 S.E.2d 511, 512 (1988).  The identity of the perpetrator is "an essential element of the offense," Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 381 (1988); thus, "the Commonwealth must prove that fact beyond a reasonable doubt."  Crawley v. Commonwealth, 29 Va. App. 372, 378, 512 S.E.2d 169, 172 (1999).

-

At trial, the prosecutor asked Officer Crafton whether, on the day of the investigation, he had "occasion within the City of Richmond to come in contact with the defendant, Katherine Wiglesworth."  The prosecutor also asked Officer Valite whether, on that same day, he had "occasion to come in contact with the defendant, Katherine Wiglesworth."  Both officers responded in the affirmative.

Wiglesworth contends that these identifications were not sufficient to warrant her conviction because they do not establish that the Katherine Wiglesworth the officers arrested was the same Katherine Wiglesworth present at trial.  Although the record does not reflect that either officer physically pointed a finger at the defendant in court, we believe that act was not necessary to identify the defendant sitting in the courtroom as the person the officers arrested.  The record clearly establishes that immediately prior to the taking of evidence, the defendant identified herself to the trial judge as "Katherine Ann Wiglesworth."  During their testimony, both officers said that they detained "the defendant, Katherine Wiglesworth," and that she was in their custody and presence when the escape and recapture occurred.

The facts of identification in this case are strikingly similar to the identification in Sheffey v. Commonwealth, 213 Va. 602, 604, 194 S.E.2d 897, 899 (1973), where the Supreme Court noted the following:

-

> While on the witness stand, Lt. Calhoun did not point his finger at the defendant Sheffey and say he was the same person that he arrested in Alexandria on May 19, 1971. However, it is clear from his testimony that the John Henry Sheffey then on trial was that identical person. The evidence sufficiently identifies the defendant, John Henry Sheffey, as the person arrested and searched by Calhoun and as the person who had heroin in his possession as charged in the indictment.

We hold that Wiglesworth's self identification and the officer's testimony identifying "the defendant, Katherine Wiglesworth," was sufficient to prove beyond a reasonable doubt that the defendant, who was sitting in court in the officers' presence, was the same person the officers arrested, interviewed, and captured after her escape.

### III.

The record establishes that the preliminary hearing for the escape charge was continued from March 27, 1998, to April 28, 1998. No evidence proved that Wiglesworth failed to appear on April 28, 1998, for the preliminary hearing. The evidence proved only that she was not in court on April 20, 1998. Wiglesworth moved to strike the evidence because "there was never any evidence that she willfully failed to appear in Court." Implicit in the motion is the contention that the Commonwealth's evidence was insufficient to prove the crime with which Wiglesworth was charged.

-

"Code § 19.2-128(B) requires that the Commonwealth prove [beyond a reasonable doubt] that the accused 'willfully' failed to appear at trial."  Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993).  The Commonwealth's evidence proved that Wiglesworth failed to appear on April 20, 1998, a date upon which she was not scheduled to appear.  That evidence was insufficient to prove beyond a reasonable doubt that Wiglesworth "willfully fail[ed] to appear before [the] court [on April 28, 1998] as required" for the preliminary hearing.  Accordingly, we reverse that conviction and dismiss the indictment.

Affirmed, in part, and reversed and dismissed, in part.

-