COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


LEMAR JAMIE ANDERSON

MEMORANDUM OPINION* BY
v.    Record No. 0235-99-1    JUDGE ROBERT P. FRANK
                             JULY 25, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

Cal T. Bain, Senior Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

(Mark L. Earley, Attorney General; Michael T.
Judge, Assistant Attorney General, on brief),
for appellee.  Appellee submitting on brief.


Lemar Jamie Anderson (appellant) appeals his conviction for

the unlawful wounding of Ashanti Brown.  On appeal, he contends

the trial court erred in denying his motion to strike the

Commonwealth's evidence.  We agree and reverse appellant's

conviction.

I.  BACKGROUND

On November 28, 1997, Mishelene Minott and Nathaniel Brown,

Jr., lived with their daughter, Ashanti Brown, at 5502 Gates

Landing Road in Virginia Beach.  Minott was in an upstairs

bedroom with Ashanti when she heard voices downstairs.  Then,

_____

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

she saw a man standing in the bedroom doorway with a gun in his hand.  He asked where the safe was, and she told him.  He removed several bundles of money from the safe in the bedroom and told her to go downstairs.  She went downstairs, taking Ashanti with her.

At the bottom of the stairs, she saw appellant standing by the front door.  He did not have a weapon.  Brown was lying on the floor.  Minott also was forced to lie down on the floor.  She placed Ashanti next to her.  Then, Minott and Brown were tied up with tape.

Shortly, Minott's brother, Ricardo, arrived and also was forced to lie on the floor.  Bags were placed over their heads.  Minott was shot in the arm.  When she heard the front door open and close, she removed the bag and ran to seek help.

After summoning help, Minott returned to find Ashanti.  Ashanti had scratches on her forehead, scalp, and toes and a scratch on her thigh.  At the hospital, a doctor cleaned glass from her hair and toes.  A videotape of the crime scene showed glass on the floor that came from a table that was damaged during the incident.  Minott testified that Ashanti did not have the scratches before the incident.

Appellant moved to strike the malicious wounding charge at the close of the Commonwealth's case, renewed the motion at the conclusion of his evidence, and moved to set aside the verdict

-

as contrary to the law and evidence after the jury found him guilty of unlawful wounding, a lesser-included offense.

## II.  PROCEDURAL DEFAULT

The Commonwealth argues that appellant did not properly preserve the appeal of his conviction for unlawful wounding because his petition for appeal references his motion to strike the malicious wounding charge.  The Commonwealth also argues that appellant did not raise specific objections once the jury convicted him of unlawful wounding.

We hold that appellant did not procedurally default this issue.  When he made his motion to strike at the conclusion of the Commonwealth's evidence, his argument was a causation argument.  In essence, he argued there was no evidence to prove that a gunshot broke the table.  Instead, he argued, Ashanti could have received her injuries by crawling or rolling on the broken glass.  He renewed his motion at the conclusion of his evidence and after the jury's verdict with his motion to set aside the verdict.

We believe appellant's causation argument preserves the appeal of his conviction for unlawful wounding.

## III.  ANALYSIS

Appellant contends the trial court erred in denying his motion to strike the evidence on the charge of malicious wounding.  We agree and reverse the conviction.

-

"When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Conrad v. Commonwealth, 29 Va. App. 661, 667, 514 S.E.2d 364, 366-67 (1999) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). Circumstantial evidence "'is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 171 (1999) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)).

To prove unlawful wounding, the Commonwealth must show: 1) the defendant shot, stabbed, cut, or wounded the victim or by any means caused the victim bodily injury; 2) the defendant acted with the intent to maim, disfigure, disable, or kill; and 3) the defendant's action was unlawful. See Code § 18.2-51.

Appellant argues there was no evidence to establish that he wounded Ashanti Brown, what caused the glass to be on the floor, or the cause of the injuries to Ashanti.

We agree. The Commonwealth's evidence was purely circumstantial. In order to convict appellant, the Commonwealth was required to prove beyond a reasonable doubt that appellant or one of his cohorts: 1) broke the table, 2) intending to cause injury, and 3) did so unlawfully. There was no evidence,

-

even by inference, that appellant or the other men broke the glass table, that the glass caused Ashanti's injuries, or that they intended to injure someone by breaking the table.  The table could have been inadvertently broken in a scuffle, and Ashanti's injuries could have been received in some other manner.  We hold that every reasonable hypothesis of guilt was not excluded by the Commonwealth's evidence.  For these reasons, we reverse and dismiss the conviction for unlawful wounding.

<u>Reversed and dismissed.</u>