COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Humphreys
Argued at Chesapeake, Virginia


ANTONIO LAMONT MOZELLE

                                    MEMORANDUM OPINION* BY
v.     Record No. 2277-00-1     JUDGE ROBERT J. HUMPHREYS
                                       OCTOBER 9, 2001
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     Johnny E. Morrison, Judge

             Andrew Kolp, Assistant Public Defender
             (Dianne G. Ringer, Senior Assistant Public
             Defender, on brief), for appellant.

             Stephen R. McCullough, Assistant Attorney
             General (Mark L. Earley, Attorney General, on
             brief), for appellee.


     Antonio Lamont Mozelle appeals his conviction, after a

bench trial, for possession of cocaine with intent to

distribute.  Mozelle argues that the trial court erred in

admitting a fingerprint card after a sheriff's deputy testified

she could not recall the date on which she took the fingerprint

impressions.  Mozelle also contends that the evidence was

insufficient to sustain the conviction.

     On July 21, 1998, Detective B.J. Karpowski, III, of the

Portsmouth Police Department, received a telephone call from an

unknown informant stating that "Tony Mozelle was at 2915 Shady

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Lane cutting up a bunch of cocaine in that house." Karpowski knew Mozelle. He and other detectives immediately went to 2915 Shady Lane. When they arrived, they observed Mozelle "standing out front with some other individuals around his car." The owner of the house, Mozelle's uncle, gave the detectives permission to search the house.

After entering the house and informing the occupants of the reason for the search, one of the individuals in the house directed the detectives to "look around outside on the ground." Based on this information, Karpowski and another detective went outside and began looking on the ground, next to a tree across the street at another house, 2914 Shady Lane. Karpowski found a Herr's Sour Cream and Onion potato chip bag "concealed at the base of the tree." Inside the bag was a baggie containing crack cocaine.

Karpowski picked up the bag with his "thumb and forefinger" and walked out into the street where Mozelle was standing. Karposwki asked Mozelle and his companions if "anyone knew whose bag of chips it was." When no one would claim ownership, Karpowski asked Mozelle, "Have you been eating any chips out there today?" Mozelle replied "No, sir," and Karpowski again stated, "You haven't been eating any Herr's sour cream and onion potato chips?" Mozelle said, "No, sir. I haven't had any chips at all." Karpowski stated, "So you haven't handled this bag at all and there is no reason whatsoever for your fingerprints to

-

be on this bag; right?"  Mozelle then replied, "Man, I ain't had no chips.  I ain't never touched that bag, and my fingerprints ain't on that bag."  The officers then left the scene, taking the potato chip bag and cocaine.

Upon arriving at the police station, Karpowski gave the potato chip bag and the bag of cocaine to Detective P.J. Grover who packaged the items and later sent them to the forensic unit for analysis.  Members of the forensic unit tested the substance found in the bag, which tested positive for cocaine.[1]  They also examined the potato chip bag for fingerprints and found three sets of latent prints on the bag.  Print number one was a positive match with a fingerprint card that had been taken of "Antonio Lamont Mozelle" on June 29, 1998.[2]

On August 11, 1998, Karpowski secured a warrant for Mozelle's arrest for possession with intent to distribute cocaine.  The next day, he responded back to the area of 2914 Shady Lane in an unmarked car, and found Mozelle standing in the roadway.  Karpowski advised Mozelle that he was not under arrest and again asked Mozelle if he had touched the "[potato chip] bag."  Mozelle stated, "I'm telling you I ain't never touched

---

[1] An expert testified at trial that the cocaine contained in the bag had an approximate street value of $1,500.

[2] The other two fingerprints were insufficient for comparison, and/or contained insufficient ridge detail to either confirm or eliminate a potential match to Mozelle's fingerprint card.

-

that bag."  Karpowski then left and called for a marked unit to arrest Mozelle.

During trial, Deputy Sheriff Angela Clifton identified Mozelle, testified that she took Mozelle's prints on June 29, 1998, and stated that he had signed the fingerprint card.  The fingerprint card was admitted into evidence without objection.  When asked on cross-examination if she could identify Mozelle after two years, Clifton stated, "I have seen him come in the jail.  I can't say that I remember fingerprinting him on June 29, 1998, but I know who Antonio Mozelle is."  When asked, "Now, on June 29, 1998, do you recognize this man as someone you took fingerprints from?"  Clifton responded, "I can't do that from two years ago."

Mozelle objected to subsequent testimony from an expert in latent fingerprint identification to the effect that the fingerprint found on the potato chip bag matched the June 29, 1998 fingerprint card.  Mozelle argued, based upon Crawley v. Commonwealth, 29 Va. App. 372, 512 S.E.2d 169 (1999), that Clifton's testimony was insufficient to establish he was the individual whose prints appeared on the fingerprint card.  The trial court overruled the objection.  At the close of the Commonwealth's case, Mozelle moved to strike alleging that the evidence was insufficient to convict based on the quantity of the drug, as well as the failure of identification through the fingerprint evidence.  Mozelle argued that the fingerprint

-

evidence standing alone was insufficient to support the charge and that there was no evidence Mozelle touched or possessed the inner bag containing the cocaine.  Mozelle also argued again that Clifton's testimony was insufficient to establish that Mozelle was the individual who had submitted the fingerprints found on the June 29, 1998 fingerprint card.

The trial court denied Mozelle's motion, finding Clifton had stated "on that particular date that she remembers seeing him, but from the card and the name and the person who had to sign it, she also said she knows this man."  The trial court stated, "You can't go back that many years and say that I know for a fact that he is the one that I took those prints from, but in taking everything into consideration and the fact that she said she knows him by the name, because she's seen him back and forth in jail," her testimony was sufficient to establish that Mozelle was the individual whose prints were on the June 29, 1998 fingerprint card.  The trial court then convicted Mozelle as charged.

On appeal, Mozelle argues that the trial court erred in overruling his objection concerning the testimony pertaining to the fingerprint match.  Mozelle does not, as the Commonwealth contends, contest the admissibility of the fingerprint card.  In addition, Mozelle argues that the trial court erred in overruling his motion to strike as there was insufficient

-

evidence to prove he constructively possessed the plastic bag and the cocaine contained within the potato chip bag.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth as the party prevailing below, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See id.

Mozelle correctly points out that in Crawley we held, where the Commonwealth proved only that the defendant's name was similar to that found on two police fingerprint cards and that the gender, race and height listed on the cards matched those of the perpetrator and the person seen fleeing the scene of the crime, the Commonwealth failed to establish identification of the defendant beyond a reasonable doubt.  Crawley, 29 Va. App. at 379, 512 S.E.2d at 172-73.  As we noted in Crawley, the Supreme Court has held that "'[w]hen the Commonwealth relies solely upon fingerprint evidence to identify a criminal agent, it bears the burden of excluding every reasonable hypothesis of innocence . . . .'"  Id. at 378, 512 S.E.2d at 172 (quoting Tyler v. Commonwealth, 254 Va. 162, 166, 487 S.E.2d 221, 223 (1997)).

-

Here, Clifton specifically identified Mozelle, and testified she took the prints on the card from Mozelle on the date indicated on the card. She also testified that Mozelle had signed the card. Viewing the circumstantial evidence of identity in the light most favorable to the Commonwealth, as we must, we hold that it was sufficient to support the determination of the trial court and to exclude all reasonable hypotheses of the contributor of the fingerprints on the card as being anyone other than appellant.

Further, we find the evidence sufficient to support the trial court's determination that Mozelle constructively possessed the drugs found inside the potato chip bag. Indeed, to be convicted of possession, the evidence must show that Mozelle was "aware of the presence and character of the controlled substance." Wright v. Commonwealth, 2 Va. App. 743, 748, 348 S.E.2d 9, 13 (1986). "Further, he may be deemed to have constructive possession of the substance if it was subject to his dominion and control." Id.

Based upon the evidence presented, the trial court could infer, beyond a reasonable doubt, that Mozelle was aware of the presence and character of the drugs and that they were subject to his dominion and control. The evidence proved that Mozelle's prints were on the potato chip bag, which contained the drugs. No prints belonging to any other individual were confirmed to have been found on the bag. Moreover, as described by Detective

-

Karpowski, the bag was found "concealed" at the base of the tree, only a short distance from Mozelle. See Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999) (noting that mere proximity to drugs is insufficient to establish possession, although it is a circumstance which may be probative in determining whether an accused possessed such drugs). Finally, Mozelle emphatically denied, on more than one occasion, that he had eaten potato chips from the bag, or that he had ever touched the bag. See Lilly v. Commonwealth, 258 Va. 548, 556, 523 S.E.2d 208, 212 (1999) ("False statements by a defendant may be probative of guilt.").

This evidence provided sufficient "other circumstances" which excluded any "reasonable" hypotheses of innocence. See Turner v. Commonwealth, 218 Va. 141, 146-47, 235 S.E.2d 357, 360 (1977); see also Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996) ("A defendant's hypothesis negating the Commonwealth's theory of the case must be supported by some evidence in the record and may not arise from the imagination of the defendant or his counsel alone.").

For these reasons, we affirm the decision of the trial court.

Affirmed.

-