COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Clements and Agee
Argued at Richmond, Virginia


DAVID LEE VENEY, S/K/A
 DANIEL VENEY
                                        MEMORANDUM OPINION[*] BY
v.   Record No. 2090-00-2          JUDGE JEAN HARRISON CLEMENTS
                                              APRIL 9, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                        Herbert C. Gill, Jr., Judge

               Denis C. Englisby (Margaret Ann Englisby;
               Englisby, Englisby & Vaughn, on brief), for
               appellant.

               Marla Graff Decker, Assistant Attorney
               General (Randolph A. Beales, Attorney
               General, on brief), for appellee.


     David Lee Veney was convicted in a bench trial of possession

of cocaine, in violation of Code § 18.2-250, and possession of

marijuana, in violation of Code § 18.2-250.1.  On appeal, he

contends the trial court erred in denying his motion to suppress

the drugs and drug paraphernalia seized as a result of a search

that violated his Fourth Amendment rights because it exceeded

the scope of his consent.  Finding the search and seizure of the

drugs and drug paraphernalia permissible under the plain view

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

exception to the Fourth Amendment, we affirm the judgment of the trial court.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

"On appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences fairly deducible from it." Debroux v. Commonwealth, 32 Va. App. 364, 370, 528 S.E.2d 151, 154, aff'd en banc, 34 Va. App. 72, 537 S.E.2d 630 (2000). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999).

Furthermore, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from

-

those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc). "However, we consider de novo whether those facts implicate the Fourth Amendment and, if so, whether the officers unlawfully infringed upon an area protected by the Fourth Amendment." McNair v. Commonwealth, 31 Va. App. 76, 82, 521 S.E.2d 303, 306 (1999) (en banc).

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that, after receiving information that there had been illegal drug use and sales at that location, Officer Kevin Winfree and three other police officers went to Veney's apartment. When Veney opened the door, Winfree asked if the officers could come in and speak with him. Veney testified that he invited the officers in, telling them "to come in and stand in the living room." The officers followed Veney into the apartment and stood in the middle of the living room.

Winfree explained to Veney that they were there in reference to the information they had received about the drug use and sales at that location and that they did not have a search warrant. When asked if he would consent to a search of the apartment, Veney stated that he could not consent because his name was not on the apartment's lease. Winfree explained to Veney that, if he had a room there, he could consent to a search of his room. Veney testified that he "told [the police] they

-

could search [his] room." Veney led the officers to his bedroom at the end of a hall.

In following Veney past the kitchen to the hallway, Winfree "glanced to the right" and observed a "smoking device in plain view" in a bowl on top of a microwave oven. As he followed Veney down the hallway, Winfree looked through an open bedroom door on the left and observed a crumpled soda can on a table. While standing in the hallway, Winfree also observed a spoon with white residue on it and some bloodstained tissues or toilet paper on the table.

Winfree, who qualified at trial as an expert in the field of identifying drug paraphernalia, testified that the smoking device he observed in the kitchen was "consistently used for smoking illegal drugs" and that the crumpled soda can and other items he observed in the bedroom off the hallway leading to Veney's bedroom were consistent with illegal drug use. When he entered Veney's room at the end of the hall, Winfree saw several used hypodermic needles in a trashcan.

At that point, Winfree told Veney that, based on the drug paraphernalia observed in the apartment, he was going to be detained while the police attempted to obtain a search warrant. Veney was handcuffed and advised of his Miranda rights. After acknowledging that he understood his rights, Veney told the police that the smoking device on top of the microwave oven was

-

his and that he occasionally smoked cocaine. Veney testified that he used the smoking device to smoke marijuana.

After obtaining a search warrant, the officers searched the apartment and found additional contraband in the bedroom off the hallway, in a bathroom adjoining that bedroom, and in a living room closet. Laboratory analysis indicted that the residue in the smoking device found on top of the microwave oven was cocaine and marijuana.

Veney's sole contention properly before us on appeal is that the police exceeded the scope of his consent to search his bedroom.[1] He claims that, because he consented only to a search of his bedroom, the police were not entitled to search anywhere else in the apartment. Thus, he argues, all evidence found outside of his bedroom should have been suppressed as the product of an illegal search.

The Commonwealth contends that Veney's argument is without merit because it fails to take into account the plain view doctrine. The Commonwealth argues that, because the contraband was lawfully discovered by the police in plain view as they

---

[1] Veney also argues, on appeal, that the evidence was insufficient to connect him to the contraband found in the left bedroom off the hallway and in a living room closet. However, because this argument was not raised at trial, Veney is barred by Rule 5A:18 from raising it for the first time on appeal. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Moreover, the record does not reflect any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

-

headed to Veney's bedroom, the trial court correctly denied Veney's motion to suppress. We agree.

"In order to invoke [the plain view] exception [to the Fourth Amendment], an officer must meet two requirements: first, he must be lawfully in position to 'perceive' a suspicious object, and second, he must have probable cause to believe it to be contraband [or evidence of a crime]." Arnold v. Commonwealth, 17 Va. App. 313, 318, 437 S.E.2d 235, 238 (1993).

Veney does not challenge, on appeal, the entry of the police into the apartment. Indeed, he concedes that he invited the officers into the apartment, that he specifically consented to a search of his room, and that he led the officers past the kitchen and down a hallway to his bedroom. It was while following Veney on the way to his bedroom that Winfree observed, by glancing into the kitchen, the smoking device in plain view on top of the microwave oven and, by looking through an open door as he followed Veney down the hallway, the crumpled soda can and other contraband in plain view on the table in the bedroom off the hallway.

Officer Winfree, who qualified as an expert in identifying drug paraphernalia, testified that he immediately recognized the object on the microwave oven as a device used for smoking illegal drugs. He also testified that the crumpled soda can in the bedroom was used as a device to smoke illegal drugs and that

-

some of the other items on the table in the bedroom were consistent with illegal drug use.

We conclude that the trial court could properly find from the evidence that Winfree was lawfully present in a location which enabled him to perceive the suspicious objects and that Winfree had probable cause to believe they were contraband or evidence of a crime.  Thus, we hold the trial court correctly applied the plain view doctrine and did not err in denying Veney's motion to suppress.

Accordingly, we affirm Veney's convictions.

<u>Affirmed.</u>