COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Friedman, Chaney and Lorish

OMAR RODRIGUEZ-GUEVARA

v.     Record No. 1023-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
APRIL 23, 2024

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

(Michael A. Nicholas; Daniel, Medley & Kirby, P.C., on brief), for
appellant.

(Jason S. Miyares, Attorney General; Kelly L. Sturman, Assistant
Attorney General, on brief), for appellee.

Following a jury trial, the trial court convicted Omar Rodriguez-Guevara of two counts of

second-degree murder, two counts of use of a firearm in the commission of a felony, shooting

within an occupied dwelling, and arson. On appeal, Rodriguez-Guevara contends that the evidence

failed to prove that he was the perpetrator. After examining the briefs and the record, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). Finding no merit to Rodriguez-Guevara's argument, we

affirm the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

doing so, we discard any of Rodriguez-Guevara's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On December 12, 2021, Beverly Vaden, Rodriguez-Guevara's neighbor, heard gunshots between 3:00 and 5:00 in the morning. Later, Jacob Thomas, a firefighter, responded to a report of a fire at the house Rodriguez-Guevara shared with Victor Garcia Mayorga and Onesimo Fermin Silva Garcia, brothers. Thomas entered the residence and found it filled with thick, black smoke. After extinguishing an active fire near the bedrooms, Thomas discovered the burned bodies of Garcia Mayorga and Silva Garcia. Both men had been shot multiple times, and autopsies revealed that the men had died from the gunshot wounds and not the fire.

During the investigation, the police found nine-millimeter shell casings inside the house. They also saw an open fuel can in the living room. Pittsylvania County Fire Marshal Scott Hutcherson, testifying as an expert in fire origins, stated that the fires originated in the bedroom areas where the police found the victims. He identified a "pour pattern" consistent with an accelerant being poured to start the fire and concluded that the fire was not accidental.

Pittsylvania County Sheriff's Investigator Sargent viewed security camera footage from a nearby church before the time the police discovered the killings and the arson. Based on the video, she described seeing a light come on in the residence shortly before 5:00 a.m. and then quick flashes soon after. She testified that the flashes were visually consistent with muzzle flashes from a firearm. Further, on the video, Investigator Sargent saw a suspect exit the residence at approximately 7:05 a.m. and walk to a nearby tree line. The person threw something into the woods and then returned to the house. The same subject exited the residence at 7:41 a.m. and entered a sedan parked in front of the house. Ten minutes later, the sedan drove off and smoke could be seen emanating from the house. After viewing the security camera footage from the night of the

murders, Investigator Sargent did not see anyone else leave or enter the residence. Later, the police searched the wooded area near the house and found a bag containing Rodriguez-Guevara's identification card and social security card.

On December 16, 2021, Nevada Police Officer Trevino responded to a welfare call and found Rodriguez-Guevara in a Toyota Camry parked outside a gas station in Sparks, Nevada. Rodriguez-Guevara stated that he was traveling from Virginia to California to visit family, but then said he was driving to Mexico. Rodriguez-Guevara provided Officer Trevino with a Mexican birth certificate and passport. Upon learning that the car had been reported stolen, Officer Trevino arrested Rodriguez-Guevara. Rodriguez-Guevara's employer testified the car in which Rodriguez-Guevara was found in Nevada appeared to be the same car he drove to work. Further, the car also appeared the same as the one in the church security camera video seen driving away from the residence as smoke poured from the structure.

When questioned by Investigator Sargent, Rodriguez-Guevara claimed that he left the residence around 7:30 a.m. on December 12 and that the victims were alive, asleep, and snoring. He denied shooting the brothers or setting the fire. He also denied having discarded his identification cards in the woods behind the house. Instead, Rodriguez-Guevara claimed that a fourth man lived in the house and must have been the perpetrator, but the police never located the person Rodriguez-Guevara identified only as "Martin."

The jury found Rodriguez-Guevara guilty of two counts of second-degree murder, two counts of use of a firearm in the commission of a felony, shooting within an occupied dwelling, and arson. Rodriguez-Guevara appeals.

## ANALYSIS

Rodriguez-Guevara contends that the Commonwealth failed to prove that he was the perpetrator of the crimes.

"In reviewing a challenge to the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, we will affirm the judgment of the trial court unless that judgment is 'plainly wrong or without evidence to support it.'" *Id.* (quoting *Kelly*, 41 Va. App. at 257).

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). On appeal, we review the trier of fact's determination regarding the identity of the criminal actor in the context of "the totality of the circumstances." *Brown v. Commonwealth*, 37 Va. App. 507, 523 (2002) (quoting *Satcher v. Commonwealth*, 244 Va. 220, 249 (1992)).

It is well-established that in considering a sufficiency challenge, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)). As with

- 4 -

any element of an offense, identity may be proved by direct or circumstantial evidence. *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." *Simon*, 58 Va. App. at 206 (quoting *Hamilton v. Commonwealth*, 16 Va. App. 751, 755 (1993)). "While no single piece of [circumstantial] evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" *Ervin v. Commonwealth*, 57 Va. App. 495, 505 (2011) (alteration in original) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)). "In other words, in a circumstantial evidence case . . . the accumulation of various facts and inferences, each mounting upon the others, may indeed provide sufficient evidence beyond a reasonable doubt" of a defendant's guilt. *Id.*

Here, the evidence proved that Rodriguez-Guevara lived and worked with the victims during the months before their murders. He admitted he was at the home the day of the killings and confirmed that he left the residence around the same time his car was seen on the video leaving the area. The video also captured a person throwing an item into the wooded area behind the house, where the police later found Rodriguez-Guevara's identification cards. Immediately after Rodriguez-Guevara's car is seen driving away, smoke is seen billowing from the residence. No other people were seen leaving or entering the house in the hours of surveillance video from that time. Forensic evidence proved that the victims died of their gunshot wounds well before the fire began, suggesting that Rodriguez-Guevara was still at the residence when they were killed. The video and Vaden's testimony about hearing gunshots indicated that the shots were fired well before the fire began and during the time that Rodriguez-Guevara was at the house.

From the totality of the evidence, it was reasonable for the trial court to reject Rodriguez-Guevara's claim that another person killed the victims and set the fire. The jury viewed

the video evidence and rejected Rodriguez-Guevara's version of the events.  Thus, we find no error

with the jury's conclusion that Rodriguez-Guevara committed the offenses.  We therefore affirm

Rodriguez-Guevara's convictions.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*