# COURT OF APPEALS OF VIRGINIA

### Record No. 0895-25-2

XAVIER LEWIS

v.

COMMONWEALTH OF VIRGINIA

Present: Judges Raphael, Lorish and Frucci

Opinion Issued May 12, 2026[*]

## FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

(James Joseph Ilijevich, on brief), for appellant.

(Jay Jones, Attorney General; Kelly L. Sturman, Assistant Attorney General, on brief), for appellee.

## MEMORANDUM OPINION
## PER CURIAM

Following a jury trial, Xavier Lewis was found guilty of reckless driving generally, in violation of Code § 46.2-852, and of reckless driving by speed, in violation of Code § 46.2-862.[1] Lewis filed a motion to set aside the jury verdict, which the circuit court denied. On appeal, Lewis argues that the evidence was insufficient to support these two convictions and that he was not the driver of the speeding vehicle but rather was driving a different vehicle entirely. For the following reasons, we affirm the circuit court's decision.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Lewis was also charged with felony eluding, but the jury found him not guilty of the charge.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[3]

On March 19, 2023, Virginia State Police Trooper Hall was patrolling Interstate 95, near mile marker 128, when he observed a smoky gray Camaro with dark windows, black rims, and loud exhaust speed by him. The Camaro was weaving in and out of traffic and using the shoulder to pass other vehicles. Hall activated his emergency lights and sirens and attempted to stop the Camaro but was unable to catch up to it even though he was driving 131 miles per hour.

Approximately 20 minutes after Trooper Hall lost sight of the Camaro, Trooper Sullivan located a smoky gray Camaro with loud exhaust and dark wheels off Interstate 95, approximately 5 miles away from where Trooper Hall last saw the vehicle he was pursuing. Trooper Sullivan followed the Camaro for a few minutes and stopped it when it slowed below the posted speed limit of 55 miles per hour. Trooper Sullivan noticed that the sidewalls of the Camaro's tires were damaged in a manner consistent with a vehicle driving on the shoulder of a highway. Trooper Hall responded to the stop and confirmed the appearance of the Camaro that he had been pursuing. The Camaro was hot, as was its brakes.

Trooper Hall spoke to Lewis and confronted him about his speed. Lewis stated that "he did not think he was going that fast." Trooper Hall asked Lewis if he had seen Trooper Hall pursing him with lights and sirens activated. Lewis stated that "he had seen [Trooper Hall] before he took the exit, and that he saw [Trooper Hall] for a split second, but did not know" that Hall was trying to pull him over.

---

[3] "On appeal, 'we review the evidence in the "light most favorable" to the Commonwealth,' the prevailing party below." *Diaz v. Commonwealth*, 80 Va. App. 286, 295 (2024) (quoting *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc)). "That principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" *Id.* (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc)).

Trooper Hall then told Lewis that "[he could] either say [he] was the one running from me" and Trooper Hall would "cut [Lewis] a break" or "[Lewis could] lie and say [he] didn't run from me . . . [and] I would charge him with everything." Lewis initially said that he would take the first option, which was reckless driving. Trooper Hall then asked Lewis if he was making this admission because it was true. Lewis replied, no, "it's because it's the lesser of the two" options. Trooper Hall then said that this is not how things work and again reiterated Lewis's two options. Lewis again said, "I'll take the first" option. Trooper Hall again asked if he was the one "running from me," and Lewis said yes.

Trooper Hall arrested Lewis and informed him of his *Miranda*[4] rights. Following this arrest, Lewis said he had not seen Trooper Hall and was not the driver of the vehicle.

At trial, Salman Badawy, a friend and classmate of Lewis, testified that he was a passenger in the vehicle. According to him, Lewis was driving them home and Badawy fell asleep during the drive. Badawy only woke up when Lewis stopped for gas. Badawy denied feeling anything unusual before waking up. Badawy stayed awake after Lewis left the gas station and testified that they were pulled over shortly after they left the gas station.

The jury found Lewis guilty of reckless driving, generally, and reckless driving by speed. On May 23, 2025, the circuit court heard argument on Lewis's motion to set aside the jury verdict. Lewis argued that the jury's verdict was contrary to law because the evidence was insufficient to establish the identity of the speeding vehicle. The circuit court found that the jury verdict was supported by the evidence and denied Lewis's motion to set aside.

### ANALYSIS

When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one. *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024).

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Appellate courts are not tasked with "say[ing] that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt . . . ." *Id.* (alterations in original) (quoting *Commonwealth v. Barney*, 302 Va. 84, 97 (2023)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)).

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). As with any element of an offense, identity may be proved by direct or circumstantial evidence. *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)). "While no single piece of [circumstantial] evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" *Ervin v. Commonwealth*, 57 Va. App. 495, 505 (2011) (alteration in original) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)). The Commonwealth "is not required to exclude every possibility that others may have committed the crime for which a defendant is charged, but is only required to exclude hypotheses of innocence that flow from the evidence." *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000).

It is the role of the factfinder to fairly "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v.*

*Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)); *see Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019) (recognizing that the factfinder has the sole responsibility to determine the credibility of witnesses as well as the weight to be given their testimony). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Raspberry*, 71 Va. App. at 29 (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)).

Code § 46.2-862 states that a person is guilty of reckless driving if they travel at a "speed of 20 miles per hour or more in excess of the applicable maximum speed limit" or they travel at a speed "in excess of 85 miles per hour regardless of the applicable maximum speed limit." A person is guilty of reckless driving, generally, when, regardless of speed, they "drive[] a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person." Code § 46.2-852.

Here, the evidence produced at trial supported Lewis's convictions for reckless driving. Trooper Hall testified that a smoky gray Camaro with dark tinted windows, dark rims, and an extremely loud exhaust was driving over 131 miles per hour, was weaving in and out of traffic, and was driving on the shoulder of the highway. Lewis was driving a Camaro that matched this description and the sidewalls on his vehicle's tires were damaged in a manner consistent with one driving on the shoulder of a highway. Moreover, Lewis was driving his vehicle near the exit used by the Camaro that Trooper Hall was pursuing and Lewis's vehicle and brakes were hot. Although much of the evidence in this case is circumstantial, circumstantial evidence is sufficient to support a conviction. *See Simon*, 58 Va. App. at 206. And although there may have been inconsistencies in evidence presented, it was for the factfinder, and not the reviewing court, to resolve these inconsistencies. *See Raspberry*, 71 Va. App. at 29.

Here, after considering the totality of the evidence, the jury concluded that Lewis was the one driving the speeding Camaro pursued by Trooper Hall. Because this conclusion was not plainly wrong or without evidence to support it, there is no basis for disturbing this determination. *See Garrick*, 303 Va. at 182; *Secret*, 296 Va. at 228.

## CONCLUSION

Accordingly, we affirm the circuit court's judgment.

*Affirmed.*